Burns *et al. v.* Gavin.

---

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed April 18, 1889.

---

No. 13,532.

BURNS ET AL. *v.* GAVIN.

VOLUNTARY ASSIGNMENT.—*Sale of Real Estate by Assignee.—Liability for Taxes.*—The assignee of an insolvent debtor is not liable to pay taxes due upon land sold by him, unless ordered by the court having jurisdiction of the insolvent's estate to sell the land discharged of liens.

JUDGMENT.—*When Conclusive upon One not a Party.*—One who employs counsel and procures a matter to be litigated in the name of another, who is only nominally interested, is concluded by the judgment rendered in that case upon the matter in question.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellants.

*J. D. Miller* and *F. E. Gavin,* for appellee.

MITCHELL, J.—This was an application by Burns and others for a mandate to compel Gavin, as assignee of Gillespie, an insolvent debtor, to pay certain taxes on real estate which had been transferred by deed of assignment, and sold and conveyed by the assignee, under the order of the court,. to the plaintiffs. The latter claimed that it was the duty of the defendant, as assignee, to discharge the land from the tax lien out of the funds in his hands.

The assignee answered, in substance, that the plaintiffs purchased the several tracts of land mentioned at stipulated prices, and that he executed deeds to them under the order

Burns *et al. v.* Gavin.

and direction of the court, without any covenants of warranty, and that he had in nowise agreed to pay the taxes, and that it was not legally incumbent on him to pay them. He answered further, that the plaintiffs, after the sale and conveyance mentioned, for the purpose of having the question of the defendant's liability as assignee to pay the taxes judicially determined, had employed competent counsel, and had procured the county treasurer of Decatur county to file a petition in the Decatur Circuit Court, in which the insolvent's estate was pending for settlement, asking the judge thereof to order and adjudge that the taxes should be paid out of the assets of the estate. It is averred that the assignee appeared to the petition and denied the liability of the estate, and that upon due consideration it was adjudged by the court that the estate was not liable, and that such judgment remains in full force. The question for decision involves the propriety of the ruling of the court in overruling a demurrer to the answer.

Leaving out of view any question concerning the availability of the remedy resorted to by the plaintiffs, and whether or not an individual can maintain a proceeding for a mandate except in the name of the State, and waiving the consideration of other questions which do not go to the merits of the controversy, it is sufficient to say the ruling of the court in overruling the demurrer to the answer was clearly right, upon two grounds: (1) An assignee who sells and conveys real estate, under the statute regulating voluntary assignments, does not warrant the title, nor does he, without an express agreement to do so, made by the order of the court, assume the payment of liens or encumbrances on the land sold. The statute, in express terms, declares that property assigned, on which there are liens or encumbrances, may be sold subject to such liens and encumbrances. Section 2674, R. S. 1881. A purchaser of real estate who takes a conveyance from an assignee, is in the same position, in respect to liens and en-

cumbrances existing thereon, as is one who purchases at an execution sale, or at a sale made by an executor or administrator. Unless otherwise ordered by the court, he takes the land subject to all prior encumbrances. Presumably, the price agreed to be paid was the value of the land, less the amount of the encumbrances. *Bunch* v. *Grave*, 111 Ind. 351; *Loudon* v. *Robertson*, 5 Blackf. 276; *Boaz* v. *McChesney*, 53 Ind. 193; *Martin* v. *Beasley*, 49 Ind. 280; *Wood* v. *Winings*, 58 Ind. 322.

Section 6443, R. S. 1881, which makes it the duty of executors, administrators, guardians, receivers, trustees, and other persons having charge of trust property, to pay the taxes due on the property in their hands, has no application to property after it has been sold to a purchaser who took it presumably subject to the tax lien.

(2) The answer shows that the matter in controversy has been adjudicated. It appears that a controversy had arisen between the plaintiffs and the assignee concerning the liability of the latter to pay the taxes now in dispute, and that the plaintiffs and others employed counsel and procured the matter to be litigated to judgment in the name of the county treasurer of Decatur county. The plaintiffs having, through counsel employed by themselves, litigated the matter once, although in the name of one who was only nominally interested, they are concluded by the previous judgment from again agitating the same questions. *Palmer* v. *Hayes*, 112 Ind. 289, and authorities cited.

There was no error in the ruling of the court.

The judgment is affirmed, with costs.

Filed April 18, 1889.