JAMES L. LINDLEY, III *v.* RUTH REYNOLDS OPPEGAARD.

[No. 371A56. Filed December 7, 1971.
Rehearing denied January 6, 1972.]

*Mark P. Lockwood,* of Princeton, *Marshall E. Williams,* of Indianapolis, for appellant.

*McDonald, McDonald and Nixon,* of Princeton, for appellee.

SULLIVAN, P.J.—Defendant-appellant appeals from a judgment rendered against him by the Gibson Circuit Court. The original action was one for damages arising out of an automobile accident occurring on October 22, 1967, in Gibson County, Indiana.

The relevant facts are as follows. The accident in question occurred at approximately 7:15 p.m. on October 22, 1967, on State Road 64 in Oakland City. On August 27, 1970, plaintiff-appellee filed a trial brief in which she asserted among other things her intention to prove defendant-appellant's conviction for the offense of reckless driving occurring forty-five minutes before the accident.

On September 14, 1970, the defendant-appellant filed a second paragraph to his answer, admitting liability for the accident but denying that the plaintiff-appellee has suffered damage. Thereupon, plaintiff-appellee filed a motion to strike the second paragraph of the answer. The motion, pursuant to Trial Rule 15, properly alleged that defendant-appellant did not obtain leave of court to file the second paragraph of his answer nor did he receive the consent of the plaintiff-appellee after closing of the issues.

Trial was had by jury on September 21, 1970. Plaintiff-appellee presented evidence consisting of proof of defendant's conviction upon a plea of guilty for an offense of reckless driving occurring forty-five minutes prior to the accident complained of.

Judgment was entered upon the jury verdict for plaintiff-appellee, awarding her Fifteen Thousand Dollars ($15,000) damages.

Because of our treatment of the first question considered, it is not necessary to deal with other contentions made by appellant for reversal. *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N. E. 2d 127. Thus, we confine our discussion to the law governing the admissibility of prior criminal convictions in a civil action for the sole purpose of proving "state of mind." Therefore, the sole question herein decided is as follows:

Did the trial court err in admitting into evidence over the objection of the defendant the transcript of defendant-appellant's conviction for reckless driving on an occasion not connected with the accident complained of in this case?

In the case before us, the first witness called by plaintiff-appellee was one Bigham, a police officer who testified that he saw the defendant about 6:30 p.m. on October 22, 1967, at the intersection of Morton and Franklin Streets in Oakland City. Bigham stated further that he charged defendant-appellant with reckless driving. In conjunction with this

testimony, plaintiff-appellee offered into evidence the transcript of the proceedings in the Justice of the Peace Court wherein defendant-appellant had pleaded guilty and was convicted and fined for the reckless driving offense about which Officer Bigham had testified. Defendant-appellant objected to the offer upon the ground that such evidence did not prove or disprove anything in the case and that such was irrelevant to any act charged in the complaint. The trial court overruled the objection, stating: "I think it's competent evidence to show the state of mind." In our opinion, the trial court committed reversible error in so ruling.

In support of the position taken by the trial court, plaintiff-appellee cites *12 I.L.E., Evidence, § 55,* which states as follows:

"Evidence of similar acts or transactions is admissible, however, when the Court, in its discretion, finds such similar acts to be relevant to prove an issue in the case, that is, where the evidence of the similar acts or transactions proves or renders probable the past, present or future existence or non-existence of facts in issue. In this connection, it may be permissible to show other injuries or their absence resulting from the same or similar causes. Evidence of similar acts may also be relevant, because of the *light which it throws on the state of mind* of a person, as for example, his *knowledge, motive* or *intent,* and this is especially true in actions involving fraud and deceit." (Emphasis supplied)

We see no applicability of the passage quoted above to the case before us. The prior conviction asserted here could not reasonably tend to establish the future existence of the facts in issue. Such convictions are not in themselves admissible even to establish the facts upon which they were rendered. *Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382; *Black* v. *Wachs* (1960), 130 Ind. App. 293, 163 N. E. 2d 894. Thus such a conviction surely could not bear witness to an independent act occurring forty-five minutes later.

More importantly, however, "state of mind" is not a material issue in a negligence case. *Pittsburgh, etc., R. Co.* v.

*Ferrell* (1906), 39 Ind. App. 515, 78 N. E. 988. The distinction between a negligent tort and a willful tort is that in the latter the wrongdoer must have knowledge and intent. *Bybee* v. *Brooks* (1952), 123 Ind. App. 129, 106 N. E. 2d 693. The former, however, imports inattention, inadvertence and thoughtlessness. *Barrett* v. *Cleveland, etc., R. Co.* (1911), 48 Ind. App. 668, 96 N. E. 490. The existence of the mental state requisite to establishment of a willful tort excludes the possibility that the person was merely inattentive, or inadvertent, or thoughtless, i.e., negligent. Conversely, one who is merely inattentive or inadvertent is not willful. One cannot intend to be negligent. *Fort Wayne, etc., Traction Co.* v. *Justus* (1917), 186 Ind. 464, 115 N. E. 585.

Plaintiff-appellee, citing Trial Rule 61, contends that in view of the fact appellant admitted on cross-examination that he had been arrested for reckless driving forty-five minutes prior to the accident, any error in the admission into evidence of defendant-appellant's prior conviction for that offense was harmless error. We cannot agree.

In the case before us, the jury was not instructed concerning restricted consideration of the prior conviction, i.e., for the sole purpose of testing the credibility of defendant-appellant. *Cox* v. *Winklepleck* (1971), 149 Ind. App. 319, 271 N. E. 2d 737; *Ashton* v. *Anderson* (1971), 265 N. E. 2d 719. We cannot, under the circumstances, earmark the mistake of the trial court as harmless error.

The judgment of the trial court is reversed and the case remanded for new trial.

Buchanan, Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 825.