ROGER RAY SMITH *v.* MIDWEST MUTUAL INSURANCE COMPANY.

[No. 1271A256. Filed December 1, 1972. Rehearing denied January 22, 1973.]

*Alfred H. Plummer III, Plummer Tiede Magley & Metz,* of Wabash, for appellant.

*Albert C. Harker, Kiley, Osborn, Kiley & Harker,* of Marion, for appellee.

SULLIVAN, J.—The basic issue of this appeal concerns the status of an insurer-intervenor in a suit by the plaintiff-insured against a motorist but in which plaintiff makes no allegation concerning whether the defendant is or is not insured.

Roger Ray Smith was injured when the motorcycle he was driving and an automobile operated by Ross D. DeLong collided. Smith filed his complaint for personal injuries against DeLong, a non-resident, on March 28, 1969. Process was served upon DeLong's agent, the Secretary of State of Indiana. The complaint neither alleges that DeLong is an uninsured motorist nor names Midwest Mutual Insurance Co. (Midwest) as a party. On April 15, 1969, the law firm of Kiley, Osborn, Kiley & Harker, together with another law firm, entered a Special Appearance on behalf of DeLong to challenge the jurisdiction of the court over his person. The challenge was unsuccessful.

Following other proceedings not pertinent to this appeal, Midwest, also represented by Kiley, Osborn, Kiley & Harker, filed a Motion to Intervene on January 5, 1970. The Motion to Intervene reads in part as follows:

"3. That there are questions of law and/or fact common to plaintiff-insured, ROGER RAY SMITH, the defendant-uninsured motorist, ROSS D. DeLONG, and the petitioner-insurer, MIDWEST MUTUAL INSURANCE COMPANY, in that the liability of both the defendant-uninsured motorist ROSS D. DeLONG, and the petitioner-insurer, MIDWEST MUTUAL INSURANCE COMPANY, is predicated upon whether the plaintiff-insured, ROGER RAY SMITH, is legally entitled to recover damages from said defendant-uninsured motorist, ROSS D. DeLONG; and that the plaintiff-insured, ROGER RAY SMITH, asserts some right to relief against both the defendant-uninsured motorist, ROSS D. DeLONG, and the petitioner-insurer, MIDWEST MUTUAL INSURANCE COMPANY, which relates to and arises out of a single occurrence: an automobile accident on June 19, 1966 at the intersection of United States Highway 31 with Nyona Lake Road in Fulton County, Indiana, wherein a motorcycle driven by the plaintiff-insured, ROGER RAY SMITH, collided with the automobile driven by the defendant-uninsured motorist, ROSS D. DeLONG.

"4. That petitioner-insurer, MIDWEST MUTUAL INSURANCE COMPANY, seeks to intervene as a defendant in the above entitled cause in order to assert the defenses set forth in its proposed Answer, a copy of which is attached hereto, on the ground that the plaintiff-insured, ROGER RAY SMITH, was contributorily negligent, that the defendant-uninsured motorist, ROSS D. DeLONG, was not negligent, and that the plaintiff-insured, ROGER RAY SMITH, failed to arbitrate his uninsured motorist claim in accordance with the terms of the aforesaid insurance agreement."

The trial court allowed Midwest to intervene as a defendant and allowed Midwest to file an answer to Smith's complaint.

The law firm which represented both DeLong and Midwest then filed a petition to withdraw their appearance for DeLong alleging lack of authority to represent him and also to withdraw the answer previously filed on behalf of Midwest. In addition, they requested the court's permission to file a new answer. The court granted the request to withdraw and permission was granted to file a new answer on behalf of Midwest. Midwest filed a new answer, the pertinent part of which follows:

"On June 19, 1966, there was in effect between the Defendant, Midwest Mutual Insurance Company, and the Plaintiff, Roger Ray Smith, an insurance agreement, Policy No. 239-176, with Endorsement No. 55, uninsured motorist coverage endorsement, attached thereto, a copy of which is attached hereto, marked Exhibit "A" and made a part hereof. This Defendant, Midwest Mutual Insurance Company, intervened, as an insurer, because the Plaintiff, Roger Ray Smith, contends that Ross D. DeLong was an uninsured motorist at the time of his accident on June 19, 1966, and that it is liable to him under the uninsured motorist coverage endorsement aforesaid. The Plaintiff, Roger Ray Smith, is not entitled to recover from the Defendant, Midwest Mutual Insurance Company, under the terms and provisions of the Endorsement No. 55, uninsured motorist coverage endorsement, attached to Policy No. 239-176; and therefore, the Defendant, Midwest Mutual Insurance Company, is not liable to the Plaintiff, Roger Ray Smith, in this cause of action."

In response, Smith filed a Motion for a More Definite Statement, a Motion to Strike, and a Motion to Dismiss, all directed toward the above paragraph of the answer. The trial court overruled all of Smith's motions. Thus confronted, Smith submitted interrogatories to Midwest with respect to Midwest's "defense."

Unsatisfied with Midwest's answer to one of his interrogatories concerning "the facts upon which [Midwest] intend[s] to rely," Smith requested an order to require Midwest to answer pursuant to Rule TR. 37.

After the jury trial commenced, the court refused to give Smith's preliminary instructions with respect to Midwest's "admission" that DeLong was uninsured and further determined that Smith would have the burden of proving that DeLong was an uninsured motorist. During the trial, the court refused to allow testimony concerning statements made by DeLong to be admissible against Midwest. Similarly, the court refused to allow Smith to testify about an alleged con-

versation he had with a representative of Midwest a few days after the collision had taken place.

At the conclusion of Smith's evidence, Midwest filed a Motion for Judgment on the Evidence which was sustained by the court. The jury returned a verdict for Midwest pursuant to the court's instructions and also brought back a verdict for Smith against DeLong in the amount of $15,000.00.

Smith filed a Motion to Correct Errors which was subsequently overruled. Smith submits six issues to this court on appeal, only one of which need be treated herein:

1)    Whether the trial court erred in overruling Smith's Motion for More Definite Statement, Motion to Strike and Motion to Dismiss Midwest's second defense of its amended answer?

In its answer brief, Midwest argues that Smith has waived all errors because his brief does not comply with the requirements of Rule AP. 8.3(A). However, the record shows that on February 7, 1972, Midwest requested an extension of time within which to file its answer brief. The extension was granted. The issue of the sufficiency of appellant's brief was not raised prior to appellee's answer brief. Consequently, Midwest has waived all technical objections to Smith's brief and must limit the scope of its answer brief to the merits of the cause. See *Leuck* v. *Goetz* (1972), 151 Ind. App. 528, 280 N.E.2d 847.

Midwest in its brief states that since the appellant's substantial rights were not affected by the trial court's ruling, the denial of the Motion to Strike amounts, at most, to harmless error. However, we have held that the overruling of a motion to strike is reversible error if prejudice is shown. *Ellis et al.* v. *Haines* (1962), 134 Ind. App. 528, 533, 188 N.E.2d 835. When Smith's motion was denied, he was thereby obligated to assume the burden of proof concerning an issue he neither raised nor was apparently prepared to litigate. It is obvious that the trial court's ruling on Smith's Motion to Strike, if incorrect, prejudiced his case.

Next, Midwest argues that a Motion to Dismiss part or all of an answer because the answer fails to state a sufficient defense (Rule TR. 12(B)(6)) is inappropriate. This contention is based principally upon *Farm Bureau Insurance Co.* v. *Clinton* (1971), 149 Ind. App. 36, 269 N.E.2d 780 and *Theis* v. *Heuer* (1971), 149 Ind. App. 52, 270 N.E.2d 764, cases in which the trial courts had *granted* the *defendants'* motions to dismiss paragraphs of plaintiffs' respective complaints. We must first note in distinction that here the trial court *overruled* the *plaintiff's* motion to dismiss a paragraph of answer raising for the first time an issue not material to plaintiff's claim against defendant.

The primary basis for the holding in *Theis* with respect to the ruling upon the Motion to Dismiss is noted in the following statement from Judge Sharp's opinion:

> "The motion to dismiss for failure to state a claim on which relief can be granted is viewed with disfavor in federal courts because of the possible waste of time in case of reversal of a dismissal of the action, and because the primary objective of the law is to obtain a determination of the merits of the claim." 270 N.E.2d 764, 766.

Further, the Court in *Theis* quoting from 1A *Barron & Holtzoff* (Wright ed.) § 356, noted the difference between a Motion to Dismiss under Rule 12(B)(6) and a Motion to Strike as follows:

> " '[A Motion to Dismiss] applies to claims, not defenses, but at times has been used in testing the sufficiency of defenses before trial on the merits, although under amended Rule 12(f) a motion to strike is the specific method for attacking a defense.' "

The *Theis* and *Farm Bureau Insurance Co.* cases are therefore sufficiently distinguished from the case before us so as to permit, if not require, our consideration of plaintiff's assertion of error.

With reference to the Motion to Strike, Midwest in its own brief citing federal authority, sets forth the test as follows:

"[F]irst, the averments under attack must be so unrelated to plaintiff's claim as to be unworthy of any consideration as a defense; and second, the presence of such allegations in the pleading must be prejudicial to the movant."

As heretofore and hereinafter noted, the injection of whether DeLong was or was not insured is not an issue germane to Smith's claim against DeLong and as also noted above, allegations of DeLong's lack of insurance placed upon Smith a burden of proof he did not theretofore bear and was thus clearly prejudicial. It should therefore appear that by Midwest's own test, plaintiff's Motion to Strike should have been sustained.

Plaintiff did not by his request for answer to interrogatory, Request for Admissions and tender of Preliminary Instruction concede that DeLong was uninsured nor that the matter of whether DeLong was or was not insured was even an appropriate consideration in the case. The Court's failure to sustain Plaintiff's Motion to Strike placed Midwest in the law suit armed with its second paragraph of answer. Smith was entitled to defend himself against that assertion of defense without conceding it to be a "true" issue. *Leuck* v. *Goetz, supra.*

Be that as it may, and notwithstanding the fact that there is no indication of record that Smith either objected to or specifically preserved for appeal the trial court's decision allowing Midwest to intervene, the record does show Smith's objection to Midwest's second defense (relating to non-insurance of DeLong) both at trial level by Motion and in his Motion to Correct Error. The matter of intervention is so inextricably related to the merits of Smith's Motion to Strike and Motion to Dismiss that we are compelled to consider

Midwest's status or "interest" as a party to Smith's suit against DeLong.

Midwest submits that it is entitled to permissive intervention authorized by TR. 24(B) which reads as follows:

"(B) Permissive intervention. Upon timely filing of his motion anyone may be permitted to intervene in an action

(1) when a statute confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive administrative order, the governmental unit upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Since no statute is here applicable, Midwest's right to intervene, if any, must depend upon a question of law or fact in common with Smith's original action against DeLong. Although Smith's complaint did not allege that DeLong was an uninsured motorist, Midwest bases its intervention upon one of the options available to an insured-claimant who has a claim against an *uninsured* motorist as outlined in *Indiana Insurance Company* v. *Noble* (1971), 148 Ind. App. 297, 265 N.E.2d 419, 432:

"He [insured-plaintiff] may file an action against the uninsured motorist alone without joining the insurance company as a party defendant and litigate the issues of liability and damages. In such case he gives preliminary and adequate notice of the filing and pendency of such action to the insurance company so that they make [sic] take appropriate action including intervention."

Midwest contends that the decision in *Noble* left it no choice but to intervene after receiving notice of the original action because otherwise the company would be bound by the judgment.

Disregarding, for the moment, the question of res judicata, we first note two obvious defects in Midwest's argument. First, a careful reading of the *Noble* case discloses that the options presented there concerned a plaintiff who alleged that the defendant motorist was uninsured. Such is not the case here. Second, the above option (and any res judicata effects of it) was prefaced upon receipt of notice of the action by the insurer. Although the record indicates that one of Midwest's attorneys stated during the trial that Midwest received notice of Smith's action against DeLong, our examination of the record does not affirmatively show that Midwest was given notice of the proceeding,[1] even though the policy provisions include, as a condition precedent to any payment to the insured under the Uninsured Motorist Endorsement, that notice of suit against an uninsured motorist be given the insurer; and further notwithstanding the existence of a policy provision which excludes any duty of the insurer to pay the insured unless the insurer has consented to the prosecution to judgment, or settlement of, any action by the insured against an uninsured motorist.[2]

Once again it is important to note that Smith did not allege that DeLong was an uninsured motorist.

With respect to Midwest's res judicata argument, we acknowledge that a common question would exist if Midwest were bound by a judgment obtained in Smith's action against

1. We acknowledge that the question of constructive notice possibly could have been raised below since the attorneys representing Midwest also represented DeLong before Midwest intervened. Our review, however, is limited to the evidence preserved of record. *See Harding* v. *Brown* (1969) 144 Ind. App. 528, 247 N.E.2d 536.

2. Several jurisdictions have held that such "permission to sue" clauses are void or unenforceable. See *Widiss, A Guide to Uninsured Motorist Coverage* (1969) § 7.5.

DeLong. In such case, Midwest's intervention would be proper.

The fundamental principle of res judicata is that one is not bound by a prior judgment unless he was a party to such action or stands in privity with one who was a party. *Mayhew* v. *Deister* (1969), 144 Ind. App. 111 at 121, 244 N.E.2d 448 at 453. A "Privy" is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment. *Mayhew* v. *Deister, supra.* Since this case concerns intervention before judgment was entered, Midwest's interest, if any, would be as a party, not as a privy.

A "party" is one who is directly interested in the subject matter and has a right to make defense or to control the proceedings and to appeal from the judgment. *Tobin* v. *Mc-Clellan* (1947), 225 Ind. 335, 73 N.E.2d 679. Midwest was not named as a party to the original action. However, courts look beyond the nominal parties and treat all those whose interests are involved in the litigation and who conduct and control the action or defense, as real parties, and hold them concluded by any judgment which may have been rendered. *Burns* v. *Gavin* (1888), 118 Ind. 320, 20 N.E. 799. In this connection, Judge White's dissent in the *Noble* case at 440 quotes from *Wilson* v. *Brookshire* (1890), 126 Ind. 497, 503, 25 N.E. 131, 133 as follows:

> " 'Before a third person, not a party or privy to an action, can be concluded by the judgment, it must appear that his title or interest was involved in the issue tried, and he must have actually conducted or controlled the action or defense *or he must have occupied such a relation to the controversy that it became his duty and that he had the right,* upon receiving notice, *to assume control of the litigation. One must either control the proceedings, or he must have had the right to do so, before he can be held concluded by the judgment.* A third person who neither appears nor has the right to appear and produce evidence or cross-examine witnesses, or take an appeal, in case an appeal lies, regardless of the wishes of the party on the record, can not be regarded as a party, and bound by the judgment.' "

The record does not indicate conclusively that Midwest actually participated in the action or defense of the original action. More importantly, it does not show that the company had the duty, or even the right, to assume on behalf of either party, control of the litigation initiated by its insured against defendant DeLong. Quite to the contrary, Midwest was not the insurer of DeLong (a fact, which if true, would defeat Midwest's assertion of non-insurance) and therefore had no duty or right to defend DeLong. To hold otherwise would be to promote and encourage a direct conflict of interest. It should be noted in this regard that a conflict of interest arises only if the insurer as here acts as a volunteer in behalf of a purported uninsured stranger and against and contrary to the interests of its own insured. Compare *Annot.* 18 ALR 3d 482. As stated in *Widiss, A Guide to Uninsured Motorist Coverage,* § 7.2 (1971-72 Supp.):

"Good conscience and fair dealing require that an insurance company not pursue a course advantageous to itself while disadvantageous to its policy holder."

Neither did Smith request Midwest to prosecute his action against DeLong in any representative or derivative capacity. Quite clearly, a liability insurer has no duty or right to control its insured's independent action against a tortfeasor. In such cases the insurer's rights are either those of subrogation, (see *American States Insurance Co.* v. *Williams* (1972), 151 Ind. App. 99, 278 N.E.2d 295) or merely the contractual right (as between the insured and the insurer) to a portion or the entirety of the proceeds of a judgment against the tortfeasor. *Powers* v. *Ellis* (1952), 231 Ind. 273, 108 N.E.2d 132; *Risner* v. *Gibbons* (1964), 136 Ind. App. 45, 197 N.E.2d 184. Accordingly, we are unable to conclude that Midwest would have been bound by a judgment against DeLong. See also *Widiss, A Guide to Uninsured Motorist Coverage* § 7.10.

Some courts have allowed an insurer to intervene in an

action brought by its insured against an uninsured motorist. *Heisner* v. *Jones* (1969), 184 Neb. 602, 169 N.W.2d 606; *Wert* v. *Burke* (1964), 47 Ill. App. 2d 453, 197 N.E.2d 717; *State Farm Mut. Auto Ins. Co.* v. *Craig* (Mo. App. 1963), 364 S.W.2d 343. Conversely, other courts have held that the insurance company may not intervene in such an action. *Allstate Ins. Co.* v. *Hunt* (Tex. Civ. App. 1970), 450 S.W.2d 668; *Holt* v. *Bell* (Okla. 1964), 392 P. 2d 361; *Kirouac* v. *Healey* (1964), 104 N. H. 157, 181 A. 2d 634. Careful study has failed to disclose a case where an insurer attempted to intervene as here in an action brought by its insured against another motorist not alleged to be uninsured. Even so, the following excerpt from *Allstate Ins. Co.* v. *Hunt, supra,* expresses the underlying reasoning which militates against intervention by an insurance company in an action by its insured against an uninsured motorist:

> "Serious ethical problems arise when an insurance company seeks to participate in the defense of an uninsured motorist. There may be (1) a potential or actual conflict of interest between the insurance company and its own insured and (2) there may be a potential or actual conflict of interest between the insurance company and the uninsured motorist. As the representative of the uninsured motorist the company stands in a fiduciary relationship to him. As the insurer of one suing the uninsured motorist it has, contractually, not only the right but also the duty to represent its insured in defense of any claim that may be asserted against him as a result of the collision in question, and thus stands in a fiduciary relationship to him. Thus to permit the insurance company to defend the uninsured motorist is to permit it to assume a fiduciary relationship to two parties having conflicting interests in the subject matter of the trust.
>
> * * *
>
> "Interestingly, in any situation where the insurance company is permitted to undertake a dual representation the most favorable result for the company is for both its insured and the uninsured motorist to be found contributorily negligent. Such a determination would preclude the insurance company's liability. To contend for this most favorable result, however, makes for a conflict of interest be-

tween the insurance company and both the insured and the uninsured motorist.

\* \* \*

"We are of the opinion, however, that the conflict of interest that is in every case potentially present compels a deter-termination that the insurance company must refrain from representing the uninsured motorist or from intervening in an uninsured motorist case such as the one here presented. Only such determination will eliminate the possibility of the conflict of interest arising."

We feel the above reasoning is persuasive in determining the case at hand. We do not therefore adopt the following view expressed in the majority opinion in the *Noble* case:

"We recognize that our holding on this point subverts the requirement of privity normally present with an application of the doctrines of res judicata or collateral estoppel. Privity is absent here. Our holding also forces intervention. However, the avoidance of multiple litigation carries the greater weight." 265 N.E.2d 419, 436.

Admittedly, the course taken by this plaintiff contemplates a multiplicity of actions. If, however, of his own volition, plaintiff wishes to subject himself to such expense and risk[3], he is free to do so. By the same token, an insurer may seek declaratory judgment and thereby litigate the issue of coverage, i.e., the insured or uninsured status of the defendant in the insured's lawsuit.[4] Of course in such case the

---

3. "In the insured's action against the uninsured motorist, by necessity the issues of whether the insured is legally entitled to recover from the uninsured motorist, and the amount of such recovery will be resolved. Therefore, in the event the claimant's suit against the uninsured motorist is unsuccessful, the company may well persuade a court or an arbitrator later (a court having already decided that the insured is not legally entitled to recover from the uninsured motorist, and this being the measure of the insured's rights under the endorsement) that the results of such earlier decision must be binding [upon the insured]. In other words, the policy both permits the company to reject the results of such an action and also leaves it free to accept them if it prefers to do so." *Widiss, A Guide to Uninsured Motorist Coverage* § 7.13.

4. We do not in this connection discount the possible propriety of a *limited* intervention by the insurer for the sole purpose of establishing whether in fact the original defendant motorist is or is not uninsured. Nor do we here speculate upon questions not directly presented. For

burden of proof would necessarily fall upon the intervenor. If the insurer does not wish to assume that burden of proof, it need not do so but in such case, it will be subject to defend a direct action brought by its insured as holder of an otherwise uncollectible judgment. The burden of proof with respect to non-insurance, in the latter instance however, falls upon the insured. But whether the insured must once again prove the other motorist's liability and his extent of damage we need not decide. *Kirouac* v. *Healey, supra.*

We have already concluded that Midwest would not have been bound by the decision in the original action. Since Midwest did not have an interest or common question in the case, the decision below sustaining Midwest's Motion to Intervene was error.

Our determination above makes it unnecessary for us to pass upon other alleged errors. *Lindley* v. *Oppegard* (1971), 150 Ind. App. 209, 275 N.E.2d 825; *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N.E.2d 127.[5]

The judgment of the Miami Circuit Court is reversed with respect to appellant and appellee and the trial court is hereby ordered to modify its judgment by striking therefrom the following:

"and the court now finds on the verdict of the Jury for the Midwest Insurance Company and against the Plaintiff, Roger Ray Smith."

The cause is hereby remanded for further proceedings not inconsistent with this opinion.

---

example, in a case in which plaintiff has not alleged the uninsured status of defendant, and in which (let us say) insurer-intervenor has failed to prove insurance coverage on the part of the defendant motorist in a declaratory judgment counterclaim following "limited intervention"; Quere: If plaintiff in seeking satisfaction of judgment learns that defendant is uninsured, may plaintiff litigate against his insurer claiming a right of recovery under the Uninsured Motorist Endorsement of his policy?

5. We do not here address ourselves to any issue which might be presented in any future action Smith may initiate against Midwest alleging liability under his uninsured motorist policy.

Lybrook, J., participating by designation, concurs.

White, J., concurs with opinion.

CONCURRING OPINION

WHITE, J.—Intervenor Midwest's second defense (although impermissibly vague) purported to raise the issue of Midwest's liability to plaintiff, an issue foreign to the controversy between plaintiff and defendant. For that reason it should have been stricken. For error in overruling plaintiff's motion to strike the judgment must be reversed. But anything I may have said in my dissent in *Indiana Insurance Company* v. *Noble* (1970), 148 Ind. App. 297, 265 N.E.2d 419, 24 Ind. Dec. 223, notwithstanding, I am of the opinion that Midwest had a right to intervene, but only to defend on the issues of the original defendant's (DeLong's) liability to plaintiff (Smith) and Smith's damages. My quarrel with the majority in *Indiana* was not over the right to intervene, but over the effect of Indiana's having failed to intervene after having been given notice. Any doubts as to the right to intervene which my dissent may seem to imply must be deemed to have been extinguished by the Supreme Court's denial of transfer.

I would reverse and remand with directions to sustain the motion to strike and for further proceedings not inconsistent with the views expressed herein.

NOTE.—Reported at 289 N.E.2d 788.