Michael GORSKI, Appellant
(Plaintiff Below),

v.

James DEERING, Appellee
(Defendant Below).

No. 4–883A254.

Court of Appeals of Indiana,
Fourth District.

June 26, 1984.
Rehearing Denied Sept. 20, 1984.

Frederick F. Frosch, Frosch & Frosch, Indianapolis, for appellant.

Glenn E. Davis, Sr., John Scott Langan, Sr., Davis, Davis & Langan, Indianapolis, for appellee.

CONOVER, Presiding Judge.

Plaintiff-appellant Michael Gorski (Gorski) appeals the trial court's grant of summary judgment in favor of appellee James Deering (Deering).

We reverse.

ISSUE

Gorski raises one issue for review:

Is a prior judgment in Deering's favor binding upon the issue of Deering's liability in a subsequent action arising from the same accident?

FACTS

Gorski was driving a truck in which his son and seven year old daughter, Lillian, were passengers. Another vehicle driven by Deering collided with Gorski's truck. In the first action, Gorski as father and next friend sued Deering on Lillian's behalf for injuries she sustained in the accident. The cause was tried and the jury returned a general verdict in Deering's favor. Judgment was entered and the cause was not appealed.

In the second action, Gorski in his own behalf then sued Deering for Gorski's injuries, lost wages and property damage incurred in the accident. The trial court granted Deering's motion for summary

judgment finding the first action determining the issues in favor of Deering was binding upon the issue of Deering's liability in the second action.

DISCUSSION AND DECISION

*I. Summary Judgment*

When reviewing a grant of summary judgment, we determine whether any genuine issue of material fact exists and whether the law was correctly applied. We accept as true all facts set forth by the non-moving party, and resolve all doubts against the movant. *Reeder v. Ramsey,* (1984) Ind.App., 458 N.E.2d 682, 684, quoting *Barnes v. Wilson,* (1983) Ind.App., 450 N.E.2d 1030, 1032. We affirm if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits and testimony show no dispute of material facts or inferences drawn therefrom and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56; *see also, Reeder, supra,* 458 N.E.2d at 684. We also affirm where the trial court's grant of summary judgment is sustainable on any theory or basis found in the record. *Havert v. Caldwell,* (1983) Ind., 452 N.E.2d 154, 157.

*II. Res Judicata*

Gorski contends the judgment in the first action is not binding on the issue of Deering's liability in the second action. We agree.

*A. Claim Preclusion*

The doctrine of res judicata applies in two distinct factual situations. First, "claim preclusion" under the doctrine bars a subsequent action when a court of competent jurisdiction has entered a final judgment on the merits in a prior action between the same parties or their privies *on the same claim. Town of Flora v. Indiana Service Corp.,* (1944) 222 Ind. 253, 256, 53 N.E.2d 161, 163; *United States Fidelity and Guaranty Co. v. DeFluiter,* (1983) Ind.App., 456 N.E.2d 429, 432; *Board of Commissioners of Benton County v. Whistler,* (1983) Ind.App., 455 N.E.2d

1149, 1155; *Moxley v. Indiana National Bank*, (1982) Ind.App., 443 N.E.2d 374, 377; *State of Indiana, Indiana State Highway Commission v. Speidel*, (1979) 181 Ind. App. 448, 451, 392 N.E.2d 1172, 1174 (hereinafter "Speidel"). The claim in the subsequent action is identical to the claim in the prior action if identical evidence will support the issues tendered in both. *Speidel, supra*, 181 Ind.App. at 452, 392 N.E.2d at 1175; *Middelkamp v. Hanewich*, (1977) 173 Ind.App. 571, 585, 364 N.E.2d 1024, 1033.

However, two or more *separate* claims may arise from the same occurrence. Judgment in one action under these circumstances does not bar suit on the other claims. *Speidel, supra*, 181 Ind.App. at 452, 392 N.E.2d at 1175. *See also, Illinois Central Gulf Railroad v. Parks*, (1979) 181 Ind.App. 141, 145, 390 N.E.2d 1078, 1080.

Here, the first action sought damages for Lillian's injuries. The present action seeks to recover for Gorski's injuries, lost wages and property damage. Thus, "while both claims arise from the same incident, each required proof of injury and damages that the other did not require." *Speidel, supra*, 181 Ind.App. at 453, 392 N.E.2d at 1175. Thus, Gorski's second action is not subject to dismissal as a "precluded claim" under the doctrine of res judicata.

### B.  Issue Preclusion

The second and narrower application of res judicata, known as "issue preclusion" or "collateral estoppel", occurs where a *particular issue* is adjudicated in a prior action and is put in issue in a subsequent suit on a different cause of action between the same parties or their privies. The prior adjudication of the issue binds the parties or their privies in the subsequent action if both identity of parties and mutuality of estoppel exist.[1] *Speidel, supra*, 181 Ind.App. at 453, 392 N.E.2d at 1175.

### 1.  Identity of Parties

The identity of parties element of collateral estoppel requires the litigants in the subsequent action to have been either parties in the prior action or privies thereto. *See, Speidel, supra*, 181 Ind.App. at 454, 392 N.E.2d at 1176. A litigant in a subsequent action is also a party in the prior action for collateral estoppel purposes if he was directly interested in the subject matter, had a right to make a defense in or control the proceedings, and could appeal from the judgment. We look beyond nominal parties and treat those whose interests are directly involved in the prior action as parties. *Smith v. Midwest Mutual Insurance Co.*, (1972) 154 Ind.App. 259, 269, 289 N.E.2d 788, 793; *Speidel, supra*, 181 Ind. App. at 455, 392 N.E.2d at 1176. Likewise, a litigant in the subsequent action is privy to a party in the prior action if after judgment he acquired an interest in the subject matter affected by the judgment. *Smith, supra*, 154 Ind.App. at 269, 289 N.E.2d at 793. However, the identity of parties element, i.e., the same parties or their privies are involved in the subsequent suit, is not met where the litigant sues as an individual in one action and in a representative capacity in the other. *See, State v. King*, (1980) Ind.App., 413 N.E.2d 1016, 1022.[2]

---

1. The U.S. Supreme Court has abandoned these two requirements and has adopted a "fairness" test. See, *United States v. Mendoza*, (1984) — U.S. ——, 104 S.Ct. 568, 571–72, 78 L.Ed.2d 379; *Parklane Hosiery Co. v. Shore*, (1979) 439 U.S. 322, 328, 99 S.Ct. 645, 650, 58 L.Ed.2d 552; *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, (1971) 402 U.S. 313, 328, 91 S.Ct. 1434, 1442, 28 L.Ed.2d 788. See also, *Crowder v. Lash*, (7th Cir.1982) 687 F.2d 996, 1009.

2. 1B Moore's Federal Practice ¶ 0.411[3] at 414 (1983); and ¶ .0411[11] at 478 comments:
   The rule is generally recognized that privity, for purposes of judicial finality, does not normally arise from the marital relationship, nor from the relationship between parent and child. Thus a judgment for or against a child is not conclusive in a subsequent suit to which the parent is a party, and vice versa. *And this rule holds true even though the parent appears in the child's suit as guardian _ad litem_ or next friend.*

Gorski brought the first action in a representative capacity as Lillian's next friend. In the second action, he sued as an individual seeking recovery for his own damages. Because Gorski was acting in different capacities in this and the prior action, the identity of parties element is not satisfied. Gorski therefore is not collaterally estopped from raising the issue of Deering's liability in the present action.

### 2. Mutuality of Estoppel

The mutuality of estoppel element of collateral estoppel exists if the party asserting collateral estoppel in the subsequent action likewise would have been bound had the judgment in the prior action gone against him. *Mayhew v. Deister,* (1969) 144 Ind.App. 111, 122, 244 N.E.2d 448, 454; *Speidel, supra,* 181 Ind.App. at 456, 392 N.E.2d at 1177.

Deering asserts collateral estoppel as a defense in the present action as to his liability. Deering was unable to assert the affirmative defense of contributory negligence in the first action because the trial court found Lillian was *non sui juris* thus incapable of committing contributory negligence as a matter of law. *See, Speidel, supra,* 181 Ind.App. at 457, 392 N.E.2d at 1178; *Meineke v. Hollowell,* (1964) 136 Ind. App. 324, 327–328, 200 N.E.2d 541, 543. The contributory negligence defense, however, would have been available to Deering in the second action against Gorski. Had Deering been found liable in the prior action, he could have escaped liability in the present action if he proved Gorski contributorily negligent. Since Deering would not necessarily have been bound in the present action had the judgment in the first action gone against him, no mutuality exists. Thus, Gorski is not collaterally estopped from raising the issue of Deering's liability in the present action.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER and YOUNG, JJ., concur.