**CHEMCO TRANSPORT, INC.,**
**Appellant (Defendant below),**

v.

**James J. CONN, Appellee**
**(Plaintiff below).**

**No. 09S02–8808–CV–774.**

Supreme Court of Indiana.

Aug. 25, 1988.

Tom F. Hirschauer, Logansport, for appellant.

David A. Rosenthal, Lafayette, for appellee.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Court of Appeals of Indiana, Second District, brought by Appellee James J. Conn. Appeal to the court of appeals was brought by Chemco Transport, Inc., following a judgment against them

awarding James Conn damages for loss of his motor vehicle, loss of use of his motor vehicle, and personal injuries. The Court of Appeals reversed the awards for loss of use and value of the motor vehicle but affirmed the award for personal injuries.

The facts show that on September 28, 1982, Conn was driving his 1977 International tractor with trailer attached west on US Highway 224 in Wells County. Conn struck a trailer backing onto the highway in order to turn around. The trailer was owned by Chemco and driven by one of Chemco's employees. Conn's trailer was totalled. He suffered cuts from flying glass and was taken to the Caylor–Nickel Clinic in Bluffton, Indiana, where he was treated and released. Subsequently Conn experienced pain in his legs and back and sought treatment from several doctors.

Following the accident Conn entered into arbitration proceedings with his insurance carrier, Protective Insurance Company, which resulted in his receiving from Protective $40,500.00 for the value of the tractor, and $2,500 for partial loss of use. Conn subsequently filed this action in the Cass Circuit Court on March 9, 1983, seeking damages from Chemco for loss of the tractor, loss of its use, and personal injuries. On September 27, 1984, Protective, pursuant to its right of subrogation, filed suit against Chemco, with Conn also named as a plaintiff, in the Superior Court of Marion County, seeking the same damages as sought by Conn in the Cass County action. The Marion County action was settled by Protective and Chemco's carrier and that cause was dismissed with prejudice on January 7, 1985. Based on the dismissal of the Marion County case, Chemco moved for summary judgment in this cause in the Cass Circuit Court on the questions of damages for the loss of the tractor and damages for loss of use. The trial court denied Chemco's summary judgment motion and the jury returned awards of $33,000 for the loss of the tractor, $30,000 for loss of use, and $27,000 for personal injuries.

Chemco appealed the denial of summary judgment, the introduction of medical evidence by Conn in the Cass County suit, the introduction of a memorandum as evidence, and the action of the trial judge questioning the witnesses during the trial. The court of appeals affirmed the trial court as to all matters except the denial of summary judgment. The court of appeals determined the Marion County suit served as *res judicata* regarding damages to the truck and loss of use, holding Conn should have been prevented from raising these issues in his Cass County suit. The court of appeals then remanded the case to the trial court with directions to enter summary judgment in favor of Chemco on these issues. We find the trial court properly denied Chemco's motion for summary judgment in the Cass County suit and accordingly grant transfer and vacate the opinion of the court of appeals on this issue. We summarily affirm the holding of the court of appeals on all other issues and adopt it as part of this opinion.

The issue presented to this court is whether the court of appeals erroneously determined that Conn was sufficiently a party to the Marion County action that his failure to object to the Marion County court's lack of jurisdiction constituted a waiver of his claim of lack of jurisdiction to allow the court of appeals to determine the action was *res judicata* regarding issues addressed by the Marion County court. The court of appeals held the amount of damage had been addressed in the Marion County action and as such, *res judicata* prevented its re-litigation in Cass County and on this basis the trial court should have rendered summary judgment for Chemco on this issue.

The sequence of events shows Conn filed his suit in the Cass Circuit Court for damages arising out of personal injury, property damage, and loss of use of his truck. Subsequently, Conn reached an agreement with his own insurance carrier, Protective, in which Conn was given $40,500 for property damage to his truck and $2,500 for partial loss of use of his truck. Conn then executed a release of all claims against Protective in which he recognized Protective had the right of subrogation for the $43,000 it had paid for the damage to his vehicle and loss of its use. Conn also

agreed he would take no action which would jeopardize the right of subrogation of Protective to recover the full amount Protective had paid to Conn and further that he would pay to Protective any sums or damages he recovered by way of judgment or settlement against any other person or party for the same damages up to the $43,000 they had paid to him. Conn also dismissed with prejudice a cause of action he had in Cass Circuit Court in Logansport against Protective on his contract of insurance. At this point, Protective had the right of subrogation in the amount of the $43,000 it had paid to Conn under its insurance contract and had the right to sue in Conn's name to recover this amount from Chemco. Conn had the right to pursue recovery of damages over and above that received from Protective not only for personal injuries but for any amounts of damage or loss of use to his vehicle not paid by Protective. He obligated himself not to take any action to frustrate Protective's efforts to recover the $43,000 and bound himself to reimburse them for up to the $43,000 for any amount he received from Chemco. He had, at that time, this action on file seeking such damages.

Ten months later Protective filed an action in the Marion Superior Court for damages and loss of use to the vehicle against Chemco, naming Conn as a plaintiff. It is Conn's position that he received no notice of the filing of this suit and therefore took no part in it as a party, including the settlement agreement and dismissal with prejudice. In response to the motion for summary judgment by Chemco in the trial court, Conn filed his affidavit in which he stated:

3. That the Marion County case was filed and settled with neither the knowledge or permission of James J. Conn.

4. James J. Conn did not have any knowledge that the Marion County case had been filed until December, 1984.

5. At no time during which the Marion County case was active on the docket of the Marion County Superior Court did James J. Conn give his permission or consent for the filing of said case.

6. At no time did James J. Conn give his permission or consent to the settlement of the Marion County case or the dismissal thereof.

To apply the doctrine of *res judicata* the following elements must be satisfied:

1. the former judgment must have been rendered by a court of competent jurisdiction;

2. the former judgment must have been rendered on the merits;

3. the matter now in issue was or might have been determined in the former suit; and

4. the controversy adjudicated in the former suit must have been between the parties to the present action or their privies.

*T.R. v. A.W. by Pearson* (1984), Ind.App., 470 N.E.2d 95, 96, *trans. denied.*

Conn contends he was not a party to the Marion County action and that the Marion County court was not a court of competent jurisdiction such that its judgment is *res judicata* to his action in the Cass Circuit Court. In denying Chemco's motion for summary judgment the trial court found that Protective had a right to sue in Conn's name and recover the amount it paid to Conn but that Protective had no right to pursue or negotiate a settlement of any amounts over that figure. The trial court further found an obvious question of fact was presented preventing the entry of summary judgment based on collateral estoppel or *res judicata* since Conn denied he authorized the filing of such litigation. One of the four criteria which must be met in order for the doctrine of *res judicata* to apply is that the former judgment must have been rendered by a court of competent jurisdiction. There is no question but what Cass Circuit Court had jurisdiction of these issues as it was filed 18 months before the Marion County case. Although the Marion Superior Court had subject matter jurisdiction, the question is whether it had the jurisdiction of this case to bind Conn and have its judgment become *res judicata* to his action in Cass Circuit. Conn further points out that one of the other elements of *res judicata* is that the

controversy adjudicated in the former action must have been between the parties to the present action or their privies. He convincingly points out that although he was named as a plaintiff in the Marion County case that fact does not mean he is a party for the purposes of the doctrine of res judicata.

In *Moxley v. Indiana National Bank* (1982), Ind.App., 443 N.E.2d 374, 380, *trans. denied,* the court of appeals quoted with approval from *Schwegman v. Neff* (1941), 218 Ind. 63, 67, 29 N.E.2d 985, 986:

> It is necessary that the parties as between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered, in the same capacities and in the same antagonistic relation, or else they must be in privity with the parties in such former action. 34 C.J., Judgments, § 1405. [sic] This is necessary to the end that the constitutional guaranty that no man shall be deprived of his property except by due process of law shall be preserved.

This court found such a participation by the parties in *Board of Trustees of New Haven v. City of Fort Wayne* (1978), 268 Ind. 415, 375 N.E.2d 1112, in which both parties in interest had appeared in the case and were capable of objecting to jurisdiction of the court. Helpful to this issue is the finding by the court of appeals in *Smith v. Midwest Mutual Insurance Co.* (1972), 154 Ind.App. 259, 269, 289 N.E.2d 788, 793 (citation omitted):

> The fundamental principle of res judicata is that one is not bound by a prior judgment unless he was a party to such action or stands in privity with one who was a party. A "Privy" is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment.
>
> A "party" is one who is directly interested in the subject matter and has a right to make defense or to control the proceedings and to appeal from the judgment.... [C]ourts look beyond the nominal parties and treat all those whose interests are involved in the litigation and who conduct and control the action

or defense, as real parties, and hold them concluded by any judgment which may have been rendered.

In the *Smith* case the court of appeals quoted with approval from Judge White's dissent in *Indiana Insurance Company v. Noble* (1971), 148 Ind.App. 297, 331, 265 N.E.2d 419, 440, *trans. denied:*

> Before a third person, not a party or privy to an action, can be concluded by the judgment, it must appear that its title or interest was involved in the issue tried, and he must have actually conducted or controlled the action or defense or he must have occupied such a relation to the controversy that it became his duty and that he had the right, upon receiving notice, to assume control of the litigation. One must either control the proceedings, or he must have had the right to do so, before he can be held concluded by the judgment. A third person who neither appears nor has the right to appear and produce evidence or cross-examine witnesses, or take an appeal, in case an appeal lies, regardless of the wishes of the party on the record, cannot be regarded as a party, and bound by the judgment.

*Smith,* 154 Ind.App. at 269, 289 N.E.2d at 794.

There is merit to Conn's contention that to find against him on the *res judicata* issue here would be to give insurance companies the power to settle all claims of a plaintiff in spite of the fact that plaintiff has not given all his rights to his insuror when settling with his own insuror. Although it is true that Protective had the right to pursue its subrogation claim in Conn's name, Conn reserved the right to pursue his claim since Protective only partially compensated him for his loss.

Denial of summary judgment by the trial court was based on these circumstances. The question of fact regarding Conn's knowledge and participation in the Marion County action was never responded to by Chemco nor was the issue raised by Chemco in the trial court following the denial of summary judgment. The trial court was justified in finding Conn was not a party in

the Marion County case as defined in the above cited cases. He was not directly interested in the subject matter and had no right to control the prosecution of that action since it was commenced by Protective Insurance Company, his insuror, and attorneys for Protective were hired by Protective. Conn had no control over their actions and for all that appears could not have controlled their actions since he was unaware that the suit had been filed. Accordingly, the trial court properly found Conn had the right to pursue his full damages against Chemco with corresponding set-off right in Chemco for the amount paid by Protective to Conn.

The trial court is affirmed in all issues.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.