Reid S. Moule, J.
Plaintiff has brought suit to determine the rights and obligations of itself and the defendants under an automobile liability insurance policy issued by it to the defendant, Richard Passalacqua, September 7,1959.
*406 The defendant Di Muro moves to dismiss the complaint on the grounds that it does not state a cause'of action. He claims that he is not a necessary party and that the suit herein is premature and should await the outcome of the hereinafter-mentioned negligence action.
On September 13,1959, John C. Crane was struck by an automobile owned by Elio Di Muro and driven by Richard Passalacqua. Crane has sued Di Muro and Passalacqua. These are the three defendants in this declaratory judgment suit.
Di Muro was insured with the /Etna Casualty & Surety Co. Attorneys have answered for Di Muro and Passalacqua in the Crane negligence action. Passalacqua was insured with the plaintiff herein. He has given notice of the accident to plaintiff and sought its protection in the event Crane obtains a judgment against him exceeding Di Muro’s coverage.
The plaintiff questions Passalacqua’s claim to coverage. Its position is that its policy did not protect him when he was driving a car owned by a relative who was a resident of the same household. It claims that Passalacqua is the uncle of Di Muro. This is alleged in paragraph “9” of its complaint. It also claims that Passalacqua and Di Muro resided together. This is alleged in paragraph “10”. Both allegations are denied by the defendant Di Muro in his answer.
If Passalacqua had coverage with the plaintiff it inures to the benefit of Di Muro. It will protect him over and above his coverage with his own carrier. Certainly, under the circumstances he has an interest in defeating the contention of the plaintiff herein. Further, the plaintiff cannot obtain a complete adjudication of its rights and obligations under its policy without his presence. Any determination without him before the court would not be res judicata as to him.
Certainly all persons who have an interest in the determination of the questions raised in this declaratory judgment suit should be before the court or the determination by the court is ineffective. It would result in but a partial disposition of the controversy. Obviously, such should be avoided.
The court holds that Di Muro is a necessary party.
On the question of whether this suit is premature and should await the outcome of the negligence case, the court believes that since the issues in both actions are different the action is not premature.
The court is aware that many declaratory judgment actions are dismissed as premature on the ground that another action is pending. However, in those cases there are questions in the pending action, the answers to which may affect the outcome of *407 the declaratory judgment action or even dispense with the necessity of it.
That is not so in this instance. The issues in the pending negligence action and in this action are entirely separate. One does not concern the other in any way. Determining the rights of defendants Di Muro and Passalacqua under the insurance policy involved herein may very well he helpful in disposing of Crane’s negligence case. All defendants herein will know how much coverage there is. That should be helpful in settlement negotiations. If the negligence case is not settled and it goes to trial all parties involved will know what the insurance situation is and how the outcome of the case affects them. There will be no question as to how much coverage there is. Such might very well also have an influence on the way the negligence ease is presented. It will also determine whether plaintiff should assist in the defense of the negligence suit.
The court believes that it will be beneficial for all parties herein to dispose of the issues in this case.
An order may be entered without costs.