84 N.J. Super. 211 (1964)
201 A.2d 405
CHRIS CONSTANT, A MINOR, LOUIS CONSTANT, A MINOR, BOTH BY ANDREW CONSTANT, AS THEIR GUARDIAN AD LITEM, HELEN CONSTANT, REGINA ARKOVITIS AND JACK ARKOVITIS, PLAINTIFFS,
v.
PACIFIC NATIONAL INSURANCE COMPANY, A FOREIGN CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 3, 1964.
*213 Mr. James H. McLeod argued the cause for plaintiff.
Mr. Vincent D. Enright, Jr. argued the cause for defendant (Messrs. Harth & Enright, attorneys).
YANCEY, J.C.C. (temporarily assigned).
The plaintiffs in this action, Chris Constant, a minor, Louis Constant, a *214 minor, both by Andrew Constant, as their guardian ad litem, Helen Constant, Regina Arkovitis and Jack Arkovitis, instituted this suit against the defendant, Pacific National Insurance Company, to recover certain monies they were awarded for damages caused by defendant's alleged assured.
On August 24, 1957 Ignatius Fernandez was involved in a motor vehicle accident on the Pulaski Skyway, located in the State of New Jersey. This accident resulted in injuries to several persons who were passengers in the vehicle struck by Fernandez. The Manufacturers Casualty Insurance Co. (Manufacturers), Fernandez's insurer, in October of 1957, instituted a declaratory judgment action in the United States District Court, District of New Jersey, against its assured, Ignatius Fernandez, as well as against all persons who sustained injuries as a result of the accident of August 24, 1957. The ground upon which Manufacturers based the motion for declaratory judgment was that Fernandez failed to submit a written notice to it as soon as practicable after the accident of August 24, 1957.
The defendants in the declaratory judgment proceedings were Ignatius Fernandez, Anthony Constant, Chris Constant, Helen Constant, Andrew Constant, Marietta Campenella, Frank Campenella, Tony Campenella, Jack Arkovitis and Regina Arkovitis.
The United States District Court, after having heard the arguments of counsel and testimony of the witnesses ordered that the "declaratory judgment be and is hereby entered in favor of the plaintiff and against the defendants Ignatius Fernandez, Marietta Campenella, Frank Campenella and Tony Campenella * * *"
The United States District Court found that Fernandez failed to submit written notice to the plaintiff as soon as practicable after the accident and therefore plaintiff was not required to indemnify the defendant against loss arising from liability imposed upon him by law as a result of the accident.
Subsequently a suit was instituted in the Somerset County District Court by the plaintiffs named in the instant action. *215 On October 31, 1960 these plaintiffs, as a result of a settlement conference, recovered judgments against Fernandez. Unable to satisfy the judgments the plaintiffs commenced this suit against the present defendant, Pacific National Insurance Co. (Pacific), successor to Manufacturers.
In this suit, the plaintiffs allege that on the date of the accident "there existed and was in effect a valid and subsisting contract of insurance whereby Pacific's predecessor agreed to indemnify Fernandez against loss arising from an accident due to the negligent maintenance or use of the insured motor vehicle."
The defendant Pacific answered contending that these plaintiffs have no cause of action against it because of the failure of Fernandez to comply with the terms of the policy. It further contends that the declaratory judgment rendered by the United States District Court exculpated it from any liability to these plaintiffs.
Before proceeding to a determination of this proceeding, I must point out certain very important facts. First, the plaintiffs in this action are all residents of New York State and it is admitted that they were not served with personal notice of the declaratory judgment proceedings in the United States District Court, District of New Jersey. Second, these plaintiffs were represented by a New York attorney who was aware of the declaratory judgment action, having been forwarded a copy of the declaratory judgment complaint, but who did not enter any appearance on their behalf or accept any service of process for them. Third, none of the plaintiffs was served with a summons or any formal notice of the proceedings. Fourth, the District Court order of judgment does not name any of these plaintiffs, but only those persons that were named above.
Thus, the question before the court in the instant case is whether the declaratory judgment rendered by the Federal District Court in favor of the insurer, Manufacturers, against the assured Fernandez is res judicata as to any subsequent actions brought by other persons injured in the accident, but *216 who were not parties to the litigation between the insurer and the assured.
The doctrine of res judicata is plain and intelligible and amounts simply to this, that a cause of action once finally determined without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by a new proceeding either before the same or any other tribunal. Freudenreich v. Mayor &c., Fairview, 114 N.J.L. 290, 292 (E. & A. 1934).
Where the matter is res judicata, there must be a concurrence of four conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action, and (4) identity of the quality in the persons for or against whom the claim is made. Mershon v. Williams, 63 N.J.L. 398 (Sup. Ct. 1899); Hoffmeier & Sons v. Trost, 83 N.J.L. 358 (Sup. Ct. 1912); Smith v. Fischer Baking Co., 105 N.J.L. 567 (E. & A. 1929).
In the instant case there is a concurrence of two conditions  the identity of the thing sued for and identity of the cause of action. Whether the other two conditions regarding the identity of parties have been met depends upon whether the plaintiffs were required by the Federal Rules of Civil Procedure to be joined as parties in the Federal District Court proceeding.
Under a policy of this class involved here, "the rights of the judgment creditor are purely derivative. He stands in the shoes of the assured; and he sues in the right of the insured. Kindervater v. Motorists Casualty Ins. Co., 120 N.J.L. 373 (E. & A. 1938)." Dransfield v. Citizens Casualty Co. of N.Y., 5 N.J. 190, 194 (1950). The injured person has no greater right under the policy than has the assured. The cause of action accrues at the moment he is injured, and the protection of the policy vests in him at that time. Dransfield v. Citizens Casualty Co. of New York, supra.
Because of his purely derivative status, the judgment creditor or any person injured by the assured obviously is an *217 interested party in any and all proceedings which are held to determine or construe the validity of the insurer's liability under the policy.
The Federal Declaratory Judgment Act, 28 U.S.C.A., § 2201 and 2202, received presidential approval on June 14, 1934. The act contains no provisions as to parties. This omission of provision for interested parties in the act should be considered as intentional. Western Casualty & Surety Co. v. Beverforden, 93 F.2d 166 (8 Cir. 1937). Since the Federal Declaratory Judgment Act contains no provisions as to parties, and since the Federal Rules are applicable to declaratory actions, the various Federal Rules on parties apply to a declaratory action. Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, 102 F. Supp. 214 (N.D. Ia. 1952).
With regard to the question as to who are proper, necessary and indispensable parties to a declaratory action, there are two competing principles. The first advocates that a flexible declaratory remedy should be utilized so that an adjudication may be rendered although all interested persons are not before the court; the second, all interested persons should be before the court so that the declaratory judgment may settle the controversy. The first view is perhaps technically correct since the primary dispute is between the insurer and the assured as to the former's liability under the policy. However, it must be conceded that the second principle has in mind the protection of the injured persons who have a definite interest in the litigation. As to joinder of parties see Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).
One of the first cases to decide whether all interested parties such as the assured, the other injured persons, must be joined in a suit under the Federal Declaratory Judgment Act, was Western Casualty & Surety Co. v. Beverforden, supra.
In that case, a judgment was recovered by one of three persons injured in an automobile accident against the driver of the insured automobile. The insurance company brought *218 suit against the judgment creditor seeking a declaratory judgment that the company should not be liable in a suit by the judgment creditor since the driver did not have the insured's consent to operate the car. From an order dismissing the suit because of the adequacy of the remedy at law, the plaintiff appealed. In support of the dismissal, the appellee argued that all necessary parties had not been joined. The appellate court held that the Federal Declaratory Judgment Act does not require that all interested parties be joined and reversed the order above. See also Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, supra.
Other federal courts have taken the position that the persons involved in a declaratory action are necessary parties. Central Surety & Insurance Corp. v. Caswell, 91 F.2d 607 (5 Cir. 1937); Maryland Casualty Co. v. Consumers Finance Service, 101 F.2d 514 (3 Cir. 1938), wherein the court stated, "It is equally clear that in such a proceeding involving an automobile liability policy persons injured in the accident in question are necessary and proper parties."
These two competing principles caused confusion in the Circuit Courts until the United States Supreme Court's decision in Maryland Casualty Co. v. Pacific Coal and Oil Co., supra.
Prior to this decision some Circuit Courts held, as was stated, that no cause of action matures against the insurance company in favor of the injured third party until at least a judgment has been obtained against the insured. The United States Supreme Court in the Pacific Coal & Oil Co. case, supra, settled this point when it declared that in a declaratory action brought by the insurance company against the assured and the injured third party for a declaration of non-coverage the injured third party cannot successfully contend that no "controversy" exists between himself and the insurance company. Certainly from a pragmatic viewpoint, it is quite true that in many of the liability insurance cases, the real dispute is between the injured third party and the insurance company, *219 not between the injured and an often impecunious insured.
The Court further stated in Pacific Coal & Oil Co., supra:
"That the complaint in the instant case presents such a controversy is plain. Orteca [the injured third party] is now seeking a judgment against the insured in an action which the latter claims is covered by the policy * * * Orteca [has] a statutory right to proceed against the petitioner [insurance company] by supplemental process and action if he obtains a final judgment against the insured which the latter does not satisfy within thirty days after its rendition. * * * Moreover, Orteca may perform the conditions of the policy issued to the insured requiring notice of the accident, notice of suit. etc., in order to prevent lapse of the policy through failure of the insured to perform such conditions. * * *
It is clear that there is an actual controversy between petitioner and the insured * * * If we held contrariwise as to Orteca because, as to him, the controversy were yet too remote, it is possible that opposite interpretations of the policy might be announced by the federal and state courts. For the federal court, in a judgment not binding on Orteca, might determine that petitioner was not obligated under the policy, while the state court, in a supplemental proceeding by Orteca against petitioner, might conclude otherwise. * * *"
Thus, where the insurance company brings a declaratory action against the assured, without joining all parties to the litigation, unless there are peculiar circumstances, the action does not serve a useful and proper purpose. Usually in this situation the insurance company is engaging in procedural fencing to achieve some real or fancied advantage by taking the initiative, selecting the forum and perhaps seeking a federal, in lieu of a state, adjudication. In such a situation, if no other purpose is to be served by the declaratory judgment, the Circuit Court in its discretion should refuse to exercise jurisdiction, and thus permit the injured third party to secure his remedy in the traditional manner. Maryland Casualty Co. v. Boyle Const. Co., 123 F.2d 558, 565 (4 Cir. 1941).
In the instant case, the Federal District Court exercising its discretion proceeded to render a judgment. In arriving at its determination, the court was controlled by Federal Rule 57 which governs declaratory actions. The *220 judge also has, although not binding, state decisions construing the Uniform Declaratory Judgment Act or other acts similar to the federal act to aid him in arriving at his conclusion. As a procedural remedy, the federal declaratory remedy operates independently of state law. But notwithstanding this procedural aspect, the judge, in exercising his discretion to grant or refuse declaratory relief, should avoid needless federal-state conflict.
Further, the federal declaratory remedy was not intended to affect substantive rights, McCarty v. Hollis, 120 F.2d 540 (10 Cir. 1941) (but federal substantive law will, of course, rule the adjudication of federal rights), and just as in any other type of civil action where the substantive issues are nonfederal, Erie R. Ca. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires a careful and loyal application of state substantive law.
In summary, then, federal law determines whether a federal court can and may properly render a declaratory judgment, whether or not the state forum could or would render a declaratory judgment is not controlling. If in the exercise of judicial discretion, the federal court determines to make a declaratory adjudication, federal substantive law will determine the rights and liabilities of federal matters; and state substantive law will rule the adjudication of nonfederal matters and in reference to this latter proposition if the state forum has a valid policy against the enforcement of a right and this policy is substantive within the intendment of Erie, supra, a federal court sitting in that forum must respect that policy although the state characterizes its policy as adjective in nature. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949); Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951); 6 Moore's Federal Practice, 2d Ed., § 57.02(5), pp. 3013, 3014.
New Jersey is among those states that have adopted the Uniform Declaratory Judgment Act, N.J.S. 2A:16-50 to *221 2A:16-62. The draftsmen of the Uniform Act made it more explicit and detailed than the federal act. The reason for the different drafting techniques employed was that "it seemed necessary to write into the Uniform Act as much as possible of the established jurisprudence so as to guide state courts. But it was thought best to make the Federal Act a short one and to include only such provisions as were indispensable." Borchard, Declaratory Judgments (2d ed. 1941) 313.
The New Jersey statute contains two provisions regarding the parties necessary to a declaratory judgment. N.J.S. 2A:16-56 (Parties Interested as Parties to Proceeding) states: "When declaratory relief is sought, all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding."
N.J.S. 2A:16-57 (Persons Not Parties Not Prejudiced by Declaration) states: "No declaratory judgment shall prejudice the rights of persons not parties to the proceeding."
New Jersey cases construing these statutes hold that recourse to the act 2A:16-50, et seq., will settle the policy dispute as to the parties in court. The declaration when granted will not prejudice nonparties. Condenser Service & Engineering Co. v. American, etc., Ins. Co., 45 N.J. Super. 31, 42 (App. Div. 1957); Finley v. Factory etc., Ins. Co. of America, 38 N.J. Super. 390, 395 (Law Div. 1955); New Jersey Bankers Ass'n v. Van Riper, 1 N.J. 193 (1949); Weissbard v. Potter Drug & Chemical Corp., 6 N.J. Super. 451 (Ch. Div. 1949), affirmed 4 N.J. 115 (1949).
This court is presented with the problem of what effect a judgment rendered by the Federal Circuit Court, which has more than some persuasive force, has on this tribunal. The Circuit Court had before it the assured, the insurer and other parties. After hearing the evidence it decided in the insurer's favor. This judgment cannot be viewed as a source of needless difficulty and embarrassment to our courts, the litigants and other persons. Nor should it be considered a nuisance. Central Surety and Ins. Corp v. Norris, 103 F.2d 116 (5 Cir. 1939).
*222 The Circuit Court was presented with a controversy that required the presence of other persons. These persons were not before it, but it concluded, in the exercise of its discretion, considering all factors, that declaratory judgment should be given notwithstanding that not all the parties were not before the court. Faced with this situation, the court specifically rendered judgment against only those parties before it. This determination by the court, did as was aptly stated by Borchard, supra, p. 298, "settle some autonomous and independent issue of inherent importance, even should it not dispose of the entire litigation."
Further, this court also has before it the problem which confronted the United States Supreme Court in the Pacific Coal & Oil Co. case, supra. If this court decides to determine that the Circuit Court judgment is not res judicata, then it is possible that a relitigation in the state court as to the insurer's liability can result in an opposite conclusion.
Notwithstanding this above possibility, I find after having read all of the cases cited above, that the intent of the Federal Declaratory Judgment Act was only to be binding over those parties before the court, especially where the state forum has a valid policy against the enforcement of such a determination. New Jersey, as was stated, has two statutes which control the persons who should be before the court. N.J.S. 2A:16-56-57.
Therefore, I find that the plaintiffs in this action are not affected by the federal court's declaratory judgment, even though their status as judgment creditors is purely derivative and they stand in the shoes of the assured. Their rights cannot be "cut off" unless they are before the court at the time of its adjudication. In support of this reasoning, I must point out that it is possible that those non-present persons could possibly have a valid defense to the non-invalidation of the policy.
It, therefore, follows that the federal judgment cannot be res judicata since there is not a concurrence of the identity of *223 persons to that action and the instant one. Nor is there an identity of the quality in the persons, in the two actions, for or against whom the claim is made.
Lastly, counsel for defendant in support of his position that the plaintiffs cannot rise to a higher status than that of the assured, cites two cases from sister jurisdictions. Wright, Adm'r v. Schick, 134 Ohio St. 193, 16 N.E.2d 321, 121 A.L.R. 882 (Sup. Ct. 1937), and Conold v. Stern, 138 Ohio St. 352, 35 N.E.2d 133, 137 A.L.R. 1003 (Sup. Ct. 1931).
In the Schick case, supra, the Ohio Supreme Court held that a judgment in favor of the plaintiff, injured in an automobile accident, against the insurer of the tortfeasor, based upon a judgment recovered by such person against the tortfeasor, adjudicating the insurer's liability to such injured persons on the finding, which was expressly litigated between the insurer and the insured, who were joined as parties codefendants but who bear to each other the relation of adversary parties, that the policy of insurance was in effect on the date of the accident, is res judicata on that question in another action against the injured in the same accident, and that therefore the insurer cannot in the second action set up the defense that the policy was not in effect at the time of the accident.
In Conold v. Stern, supra, the plaintiff after obtaining a judgment against one Karl Stern for injuries caused by negligence, filed a supplemental petition against Stern's insurer to have the insurance applied to the judgment. The statute (Ohio Code Anno., Throckmorton, 1940, § 9510-4, 9510-3) permitting this procedure provides that the insurer's liability shall become absolute whenever loss occurs and not depend on payment by the insured nor be subject to cancellation by agreement. Prior to this supplemental petition, a similar petition against the insurer filed by a fellow passenger in the same accident had been dismissed on the ground that Stern had not complied with the policy's condition of cooperation with the insurer and, therefore, the insurer was relieved of liability. In that action, Stern was an adversary party to the *224 insurer on the issue of his cooperation. The insurer pleaded this adjudication, and the plaintiff demurred, the demurrer was overruled and the plaintiff appealed. The Appellate Court held that the plaintiff has only a derivative right against the insurer and is barred by an adjudication against the insured and affirmed the judgment rendered below.
First, the decision in the Schick case is not directly on the ground that the judgment in the first action was res judicata in favor of the plaintiff in the second action, but on the ground that the judgment was res judicata in favor of the insured and against the insurer, because while they were joined as codefendants in the first action, they bore to each other the relation of adversary parties, and the question as to whether the policy was in effect, having been litigated in the first action between them as adversaries, could not be raised again in a subsequent action in which they were likewise made codefendants, although such subsequent action was by a different plaintiff injured in the same accident, since it is not essential to the application of the doctrine of res judicata that there be a complete identity as to all the parties in both proceedings, but only that the persons between whom the judgment is to operate as res judicata should be the same. Thus, it may be observed that the plaintiff in the second action was allowed to benefit from the application of the doctrine of res judicata, not in his own right, but as a result of the right of the insured (a party defendant adversary to insurer in both actions) to the benefit of that doctrine in the second action.
In the Conold case, the decision was based upon the interpretation of an Ohio statute wherein the rights created in injured persons had never been clearly defined. Second, the plaintiff was not seriously prejudiced since the insured actively contested the issue of cooperation in the first action. The conclusion reached in this opinion can be justified on the ground that the insurance company had its day in court, and could protect itself from successive litigations of the same issues by joining all the persons injured in an action for a *225 declaratory judgment against the insured. See Borchard, Declaratory Judgments (2d ed. 1941) 645-55.
For the above reasons, I do not find that these cases are dispositive of the case sub judice.
In view of the foregoing, and based upon my finding, the case must be set down for trial as to the question of whether, as a fact, Fernandez failed to submit, within the necessary time, written notice of the accident to defendant thereby exculpating it from indemnification.