## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CT-00868-SCT

*EVELENE COLEMAN*

*v.*

*MISSISSIPPI FARM BUREAU INSURANCE COMPANY, ROGERS MCKINNEY AND JEH ENTERPRISES, INC.*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/15/95 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL T. LEWIS |
| | PAULINE S. LEWIS |
| ATTORNEY FOR APPELLEES: | WILLIAM G. WILLARD, JR. |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 1/29/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/18/98 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This case is before the Court on a Petition for Writ of Certiorari. The issue presented is whether a declaratory judgment favorable to the insurer in an action to determine coverage between an automobile liability insurer and the insured, as a matter of res judicata, precludes the injured person who was not a party to the declaratory judgment action from litigating the question of coverage in a subsequent action or proceeding instituted by her against the insurer. It is an issue of first impression in this Court. We conclude that there is no res judicata bar.

### I.

¶2. Brothers Rogers and Claude McKinney owned JEH Enterprises as equal partners. Their company had a U.S. Government contract to deliver mail between Greenville and Rena Lara. The company used a van, titled in Rogers McKinney's name, to deliver the mail. JEH paid the note on the van. Rogers purchased automobile insurance for the van from Mississippi Farm Bureau Insurance Company (Farm Bureau). On or about June 23, 1992, Farm Bureau notified Rogers that they would

not renew the insurance policy. After shopping for other insurance, Rogers and his brother Claude entered into a "handshake deal" whereby Rogers transferred ownership of the van to Claude, and Claude agreed to insure the van. Rogers never actually transferred the van's title to Claude or JEH Enterprises.

¶3. On June 24, 1992, Claude applied for insurance with Farm Bureau. On the application for insurance, Claude listed himself and his wife, Omelia, as those who would drive the van. Farm Bureau issued an insurance policy to Claude. Claude testified in his deposition that he informed the Farm Bureau agent that JEH would continue to use the van for the same purposes as when Rogers had the insurance. Claude further stated that the agent understood that Rogers would continue to share the driving responsibilities.

¶4. On December 18, 1992, Rogers McKinney, while driving the van, collided with Evelene Coleman. Shortly thereafter, a claim was filed with Farm Bureau. Following receipt of the claim, Farm Bureau contacted the McKinneys, and made an investigation of the accident. When Farm Bureau investigated the accident, it determined that information provided by Claude on the insurance application was false. On March 26, 1993, Farm Bureau filed an action in chancery court, asking the court for a declaration that the policy was void *ab initio* since Claude obtained the insurance by putting false information on the insurance application. Specifically, Farm Bureau alleged that Claude McKinney falsely identified himself as the van's owner and failed to identify Rogers McKinney as a potential driver. Farm Bureau also refunded the insurance premium that Claude had advanced.

¶5. On April 1, 1993, four months after the accident, Coleman requested information from Farm Bureau regarding the van's insurance. Farm Bureau never answered her request for information, and did not inform her about the declaratory suit it had filed, although Farm Bureau had actual knowledge that Coleman was seeking insurance coverage applicable to her automobile collision. Coleman was not named a party in the declaratory action nor was she served notice that such an action had been filed. On May 7, 1993, Coleman filed a suit in Bolivar County Circuit Court for damages against Rogers McKinney and JEH Enterprises alleging $500,000 in compensatory damages. On June 9, 1993, the chancery court declared the policy in question void *ab initio*. The chancery court heard no evidence in reaching its decision; the Chancellor merely signed a judgment which counsel for Farm Bureau had prepared.

¶6. On May 7, 1993, Coleman filed a complaint in the Circuit Court of Bolivar County against Rogers McKinney and JEH. Farm Bureau received notice of Coleman's lawsuit on January 3, 1994 and immediately declined to defend the McKinneys. On November 2, 1994, the Circuit Court of Bolivar County entered an agreed judgment providing for a $750,000 judgment in favor of Coleman--the bodily injury limit under the Farm Bureau policy. On November 18, 1994, Coleman filed a garnishment action against Farm Bureau to obtain the judgment amount under the Farm Bureau policy. Farm Bureau moved for summary judgment against Coleman's garnishment writ. Farm Bureau's motion was based upon res judicata and specifically upon the June 9, 1993 chancery court finding that declared the McKinneys' insurance policy void *ab initio*. The circuit court granted summary judgment based upon garnishment principles, and did not address the issue of res judicata. Thus, summary judgment was granted in favor of Farm Bureau by the chancery court declaring the policy in issue void *ab initio*, without notice given to Coleman or her attorney, and without her knowledge or presence. This summary judgment was followed by another summary judgment granted

in favor of Farm Bureau by the circuit court based on the prior summary judgment in the chancery court. The Court of Appeals affirmed the circuit court in a per curiam affirmance memorandum opinion attaching the order issued by the Circuit Court of Bolivar County, which was based upon garnishment principles, and did not address the issue of res judicata or notice.

## II.

¶7. Coleman initially argues that the chancery court's judgment declaring the insurance policy in issue void *ab initio* does not bar her garnishment action under the principles of res judicata and collateral estoppel. Although Farm Bureau based it motion for summary judgment on the principle of res judicata, the trial court granted summary judgment on the basis of garnishment principles and garnishment law; the order entered by the circuit court never uses the terms res judicata or collateral estoppel. The order cites to ***Jones v. Southern Marine & Aviation Underwriters, Inc.,*** 739 F. Supp. 315, 318 (S.D. Miss. 1988), *aff'd,* 888 F. 2d 358 (5th Cir. 1989) ("It is beyond cavil that judgment creditors. . .seeking to garnish insurance policy proceeds, enjoy no greater rights than the insured party. Thus, all defenses available to the insurer against its insured are available against third parties seeking coverage under the policy."). The circuit court held:

> If Farm Bureau were Claude McKinney's debtor, there is no doubt that Coleman, as a judgment creditor, would succeed in the garnishment action. However, the chancery court has already deemed the insurance contract between Farm Bureau and Claude McKinney void *ab initio*. Claude McKinney may not assert a claim against Farm Bureau on a void policy. Since Claude cannot assert a claim against Farm Bureau, it follows that Coleman, as a judgment creditor cannot. Coleman's assertion that the underlying chancery decree is defective is best addressed in the chancery court. Farm Bureau, therefore, is entitled to judgment as a matter of law.

¶8. Although this is a correct statement of law as to garnishment principles, the question raised by Coleman, and which must first be addressed, is whether Farm Bureau, knowing of an outstanding claim for which it could be liable, is required to join the claimant in any action seeking to declare its rights with respect to the policy and that claim. Put another way, the issue is whether the chancery court's order is binding as to Coleman, who was not named a party to the action and was not noticed as to the declaratory action.

¶9. The rule of law known as res judicata holds that when a court of competent jurisdiction enters a final judgment on the merits of an action, the parties or their privies are precluded from relitigating claims that were decided or could have been raised in that action. ***Aetna Cas. and Surety Co. v. Berry,*** 669 So. 2d 56, 66 (Miss. 1996). In ***Aetna,*** we held that:

> There are four identities that must be present before a subsequent action may be dismissed on the grounds of res judicata:
>
> (1) identity of the subject matter of the original action when compared with the action now sought to be precluded; (2) identity of the underlying facts and circumstances upon which a claim is asserted and relief sought in the two actions; (3) identity of the parties to the two actions, an *identity met where a party to the one action was in privity with a party to the other*; and (4) identity of the quality or character of a person against whom the claim is made.

*Aetna,* 669 So. 2d at 67 (citing *Dunaway v. W.H. Hopper & Assoc., Inc.,* 422 So. 2d 749, 751 (Miss. 1992)) (emphasis added).

¶10. "Thus, res judicata applies to bar an action where the parties or their privies have previously litigated a legal claim to a final judgment." *Johnson v. Howell,* 592 So. 2d 998, 1002 (Miss. 1991). Further, where res judicata lies, it bars litigation in the second action "'of all grounds for, or defenses to, recovery that were available to the parties. . .regardless of whether they were asserted or determined in the prior proceedings.'" *Dunaway,* 422 So. 2d at 751 (quoting *Brown v. Felsen,* 442 U.S. 127, 131 (1979)).

¶11. In *United Farm Bureau Mut. Ins. Co. v. Wampler v. Stephens,* 406 N.E. 2d 1195, 1197 (Ind. Ct. App. 1980) (citing *Smith v. Midwest Mut. Ins. Co.,* 289 N.E. 2d 788, 793 (Ind. Ct. App. 1972)), the Indiana Court of Appeals remarked that "[t]he fundamental principle of res judicata is that one is not bound by a prior judgment *unless he was a party to such action* or *stands in privity with one who was a party*." *Id.* (emphasis added). Additional authority holds that:

> A judgment determining, as between an automobile liability insurer and the insured or a person claiming to be insured, a question of coverage in favor of the insurer does not, as a matter of res judicata, preclude the injured person from litigating the question of coverage in a subsequent action or proceeding instituted by him against the insurer, since the injured person is not in privity with any of the parties in the former proceeding.

*Id.* (quoting 7 Am. Jur. 2d *Automobile Insurance* § 229 (1963).

¶12. "'Privity implies a relationship by succession or representation between the party to the second action and the party to the prior action in respect to the right adjudicated in the first action.'" *Hickman v. Southwest Dairy Suppliers, Inc.,* 230 N.W. 2d 99, 104 (Neb. 1975) (quoting *Stamp v. Franklin,* 39 N.E. 634 (N.Y. 1895)). Coleman cites to *Krohn v. Gardner,* 471 N.W. 2d 391 (Neb. 1991).[1] In *Krohn,* the insurance company denied coverage to its insured, Gardner, following an automobile accident. Gardner then brought a declaratory judgment action against his insurance company, Farm Bureau. The trial court dismissed Gardner's action and found that no coverage existed. The injured parties, the Krohns, obtained judgment against Gardner and filed a garnishment proceeding against Farm Bureau. Farm Bureau moved for summary judgment on the ground of res judicata, which the trial court granted. The Nebraska Supreme Court reversed and remanded holding that an individual is not estopped or barred by res judicata if he was not a party to a prior adjudication and does not stand in privity to one who was a party.

¶13. In *Constant v. Pacific Nat'l Ins. Co.,* 201 A. 2d 405 (N.J. Super. Ct. Law Div. 1964), the Superior Court of New Jersey held that the federal court's declaratory judgment that the liability insurer was not liable with respect to a particular accident because of the insured's failure to submit written notice was not binding on judgment creditors of the insured, who were not parties to the federal court action and who sought to recover from the liability insurer. *Constant,* 201 A.2d at 412. The Court stated:

> Because of his purely derivative status, the judgment creditor or any person injured by the assured obviously is an interested party in any and all proceedings which are held to determine or construe the validity of the insurer's liability under the policy.

*Constant,* 201 A. 2d at 408.

¶14. In *Southern Farm Bureau Cas. Ins. Co. v. Robinson,* 365 S.W. 2d 454 (Ark. 1963), the Arkansas Supreme Court held that a federal court's declaratory judgment relating to the insured's compliance with policy provisions was not binding on the injured person, who had not been a party to the declaratory judgment proceeding, and that there was substantial evidence that the insurer had received notice of an Illinois action which the injured person had brought against the insured. The Arkansas Court held:

> On the specific point here in question, Professor Appleman in his comprehensive works, Insurance Law and Practice, vol. 20, § 11371, states what appears to be the general rule as follows:

> Persons who have been injured in an automobile accident are certainly proper parties to a suit by the liability insurer to determine coverage of its policy. . . . Hence, it would be error to dismiss such person from the declaratory judgment suit. . . However, if the court does not or cannot secure jurisdiction over them their rights cannot be destroyed by their non-appearance; *nor can such rights be determined where they are not made parties to the suit.*

*Robinson,* 365 S.W. 2d at 457 (emphasis added).

¶15. Arkansas has a statute similar to that of Nebraska, and the Supreme Court of Arkansas further held that:

> Applying the rule as adopted to our consistent literal construction of the Arkansas Declaratory Judgment Act (Ark. Stats. § 34-2501 et seq.), 'When the declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. (citations omitted). [W]e conclude that the U.S. District Court's declaratory judgment was not res judicata as to appellee *who was not a party to the action.*

*Id.* at 456. (emphasis added).

¶16. In *Indiana Lumbermens Mut. Ins. Co. v. Passalacqua,* 208 N.Y.S. 2d 1006 (N.Y. App. Div. 1960), the plaintiff brought a suit to determine the rights and obligations of itself and the defendants under an automobile liability insurance policy issued by it to one of the defendants, who was involved in an accident while driving a vehicle owned by another of the defendants. The owner of the vehicle moved to dismiss the complaint on the ground that he was not a necessary party and that the suit should await the outcome of the separate negligence action which would determine whether his own insurance coverage would be adequate to compensate the injured person. In holding that the owner was a necessary party, the court reasoned that "the plaintiff cannot obtain a complete adjudication of its rights and obligations under its policy without [the owner's] presence. Any determination without him before the court would not be res adjudicata as to him." *Id.,* 208 N.Y.S. 2d at 1007. *See also Glandon v. Searle,* 412 P. 2d 116, 118 (Wash. 1966) (holding that an injured person is not bound by declaratory judgment as to automobile insurance coverage rendered in action in which the injured person was not made a party); *Shapiro v. Republic Indemnity Co. of America,* 341 P. 2d 289, 291 (Cal. 1959) (holding that a judgment against an insured commenced by insurance company after the

collision was not binding on persons injured in collision who were not made parties to such action); ***American Automobile Ins. Co. v. English,*** 94 So. 2d 397, 399 (Ala. 1957) (holding that where an insurance company seeks to escape responsibility and to be relieved of the duty of defending, the injured party is a necessary party to the insurance company's declaratory action).

¶17. Thus it appears that Coleman is correct in asserting that the declaratory judgment issued by the chancery court to which she was not made a party, and for which she did not receive notice, does not act as res judicata in her garnishment suit against Farm Bureau. Coleman is entitled to have the liability issue adjudicated as part of her garnishment suit. Rogers McKinney stated in depositions that the insurance company was well aware that he would continue to drive the van for purposes of mail delivery, as he had previously done. The insurance company states that Claude McKinney said that he and his wife, Omelia, were to be the only drivers of the van. As the court in ***Krohn*** held,

> If the action of the district court is allowed to stand, the Krohns will leave emptyhanded, even though another court found that they were entitled to $25,000 each as damages for the injuries sustained in the auto accident. *To say it simply, that is not fair.* We agree with the Illinois Appeals Court, which held that "*[a]n accident victim must be given a chance to litigate the question of the validity of a liability insurance policy before his interest in the insurance can be terminated.*"

***Krohn***, 471 N.W. 2d at 395 (emphasis added) (quoting ***M.F.A. Mut. Ins. Co. v. Cheek,*** 340 N.E. 2d 331, 334 (Ill. 1977).

### III.

¶**18.** The circuit court was correct in asserting that judgment creditors seeking to garnish insurance policy proceeds enjoy no greater rights than the insured party. We hold, however, that a judgment favorable to the insurer in an action to determine coverage between an automobile liability insurer and the insured does not, as a matter of res judicata, preclude the injured person from litigating the question of coverage in a subsequent action or proceeding instituted by him against the insurer, when the injured party was not a party to the original proceeding.

¶19. This cause is remanded to the circuit court for a trial in the garnishment action and a determination of whether Farm Bureau has liability notwithstanding the prior declaratory judgment.

¶**20. REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. WALLER, J., NOT PARTICIPATING.**

1. We note that Nebraska has a specific statute which states that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the

declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Neb. Rev. Stat. § 25-21, 159 (Reissue 1989). Although we do not have such a statute, the comment to Miss. R.Civ. P. 57 states in pertinent part: "Thus, the requirements of pleading and practice in actions for declaratory relief are exactly the same as in the other civil actions. . .and the requirements of compulsory joinder of those needed for just adjudication set out in Rule 19 are fully applicable." Miss. R. Civ. P. 19 states in pertinent part that a person who is subject to the jurisdiction of the court shall be joined as a party in the action if "(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest ."