970 So.2d 261 (2007)
Terry FARMER and Wife, Brenda Farmer, Appellants
v.
Richard Dale RICHARDSON, Appellee.
No. 2006-CA-01659-COA.
Court of Appeals of Mississippi.
December 11, 2007.
William L. Ducker, Purvis, attorney for appellants.
William E. Andrews, Purvis, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. In December 1992, Terry and Brenda Farmer entered into a lease purchase agreement with Richard Richardson to purchase certain land in Lamar County. This agreement expired in January 1996 and Richardson asked the Farmers to vacate the premises. The Farmers bought a tract of land adjacent to Richardson's land. The relationship between the Farmers and Richardson was contentious at best with both parties filing numerous legal actions against the other in the years after the lease purchase agreement expired. The parties also engaged in physical confrontations, one of which occurred on April 2, 1996, and involved Terry Farmer, his father, Clyde Farmer, and Richardson. All *263 parties were physically injured to some extent.
¶ 2. On May 14, 1996, the Farmers filed a complaint in the Lamar County Circuit Court against Richardson seeking damages for malicious prosecution, harassment, damage to their reputation, false imprisonment, abuse of process, mental anguish, emotional distress, loss of wages, and medical expenses. On October 2, 1996, Terry filed a complaint for injunction in the Lamar County Chancery Court. On February 5, 1997, the chancellor entered an agreed temporary judgment with injunction ordering the parties to refrain from harassing the other or interfering with the quiet enjoyment of their property. The chancellor also noted that the prior civil action filed in circuit court had been consolidated with the claim in chancery court and that the issues concerning damages and the boundary line dispute would be heard at a later date. The chancellor also appointed a surveyor to establish the boundary line between the parties' land. To resolve land access issues an easement was drafted by both parties, approved by the court and recorded.
¶ 3. Meanwhile, Clyde Farmer filed a suit against Richardson for damages arising from the physical altercation among Terry, Clyde and Richardson on April 2, 1996. This matter was eventually submitted to arbitration. The arbitrator found in favor of Richardson and the cause was dismissed with prejudice.
¶ 4. On December 30, 1999, an order dismissing the case was filed. On June 12, 2000, an agreed order reinstating the case was filed. Richardson filed a motion for summary judgment on April 3, 2001, claiming that there were no remaining issues to be litigated. The trial court granted Richardson's motion for summary judgment finding, in pertinent part, as follows:
This Court, having reviewed the matter and materials furnished, finds it is unable to put into a proper perspective the dates and times of the occurrences complained of by Plaintiffs in relation to the other legal actions taken which may be res adjudicata as to those claims and demands. However, the Agreed Temporary Judgment with Injunction rendered by the Court on February 3, 1997 was certainly an effort and binding requirement that the parties live peaceably without interfering with each other and that Injunction should be made permanent in view of the numerous instances cited of unsociable actions between the parties. Therefore, it is the finding of the Court that a Summary Judgment is granted as to all matters that have been [sic] heretofore been litigated by any other legal tribunal based on complaints by either of the parties to this action. Plaintiffs are entitled to a hearing on any incidences which post date other legal proceedings between the parties.
¶ 5. Shortly thereafter, the Farmers filed a motion for clarification and/or for the court to construe the judgment. In his order dated May 19, 2005, the trial judge found the judgment to be final as to all issues except as to damages, if any, sustained by the Farmers because of wrongful destruction to their water lines; damages, if any, sustained by Terry resulting from wrongful prosecution by Richardson; and damages, if any, sustained by the Farmers for personal injuries and property damage as a result of Richardson's negligence or gross negligence. The trial court further ordered the Farmers' attorney to serve process on Richardson as if a new cause of action had been filed. Summons was issued to Richardson on June 28, 2005, and July 11, 2005.
¶ 6. The docket shows an order entered on September 9, 2005, which states "trial *264 set 10/12/05 Forrest County." Although the record does not contain any transcript of this proceeding, two letters by the parties' attorneys reference this particular hearing. The letters reference a hearing on October 12, 2005, wherein the parties were instructed to provide the court with certain information regarding the pending causes of action as well as other relevant matters previously adjudicated.
¶ 7. On July 25, 2006, the chancellor entered an order of clarification and dismissal, finding that the Farmers' claims against Richardson were res judicata. The chancellor determined that the acts on which the damages were based had been previously adjudicated. On August 28, 2006, the chancellor entered a final judgment dismissing all claims by both parties with prejudice.
¶ 8. The Farmers now appeal to this Court asserting that the chancellor erred in granting summary judgment in favor of Richardson and that the decision of the arbitrator in Clyde Farmer's personal injury case should not preclude the Farmers from litigating separate causes of action. As these issues are related, we will address them together. Finding error, we affirm in part and reverse and remand in part.

DISCUSSION OF ISSUES
I. DID THE CHANCELLOR ERR IN GRANTING SUMMARY JUDGMENT?
II. DID THE DECISION OF THE ARBITRATOR IN CLYDE FARMER'S PERSONAL INJURY ACTION PRECLUDE THE FARMERS FROM LITIGATING SEPARATE CAUSES OF ACTION?
¶ 9. In their issues on appeal, the Farmers argue that the chancellor erred in granting summary judgment in favor of Richardson. The Farmers specifically argue that summary judgment should not have been granted in regard to their causes of action which are separate from Clyde Farmer's lawsuit. In reviewing a lower court's grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547(¶ 13) (Miss.1998). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).
¶ 10. Clyde Farmer's lawsuit stemmed from the physical altercation among Terry, Clyde and Richardson on April 2, 1996. The arbitrator ruled that Richardson was not liable for any injuries to Clyde resulting from the fight. Part of Terry's lawsuit concerns personal injuries sustained in this same altercation. The chancellor determined that there was privity between Clyde and Terry because both participated in the incident which precipitated Clyde's suit and a portion of Terry's suit. The chancellor stated that the "resulting fault on which the damages are based [was] previously adjudicated." For res judicata to apply, four identities are required: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the quality or character of a person against whom the claim is made. Hogan v. Buckingham ex rel. Buckingham, 730 So.2d 15, 18(¶ 9) (Miss.1998) (quoting Dunaway v. W.H. Hopper & Assocs., 422 So.2d 749, 751 (Miss.1982)). Furthermore, "strict identity of parties is not necessary for either res judicata or collateral estoppel to apply, if it can be shown that a nonparty stands in *265 privity with the party in the prior action." Id. at 18(¶ 11); see also Little v. V & G Welding Supply, 704 So.2d 1336, 1339(¶ 15) (Miss.1997). In this case, the parties, the claim and the defendant are all substantially identical; thus, it was appropriate for the chancellor to dismiss Terry's claim relating to the altercation with Richardson as res judicata. The dissent disagrees, noting that there is not "authority supporting the proposition a father and son are in privity with each other merely because of their familial relationship." Neither this opinion nor the chancellor relies upon that relationship solely to establish privity. The dissent simply interprets the facts of the case differently in order to reverse the chancellor's decision.
¶ 11. However, we find that the chancellor erred in dismissing all of the Farmers' claims as res judicata. Not all of the Farmers' claims resulted from the physical altercation with Richardson. The Farmers' claim of damages for destruction of their water lines and Terry's claim of damages for wrongful prosecution by Richardson are separate and distinct. Terry was convicted in justice court for petit larceny but, upon appeal to circuit court, was acquitted. The charge was originally brought by Richardson. It is unclear from the record as to whether these other claims have been considered by the chancellor.
¶ 12. These parties have been fighting each other legally as well as physically for years and their conduct borders on an abuse of the legal system. While we are not condoning the methods by which they chose to settle their grievances, nevertheless we are compelled to follow the law and, accordingly, the Farmers are entitled to prove their remaining claims. Therefore, we affirm in part and reverse and remand in part for proceedings consistent with this opinion.
¶ 13. THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO BOTH PARTIES.
MYERS, P.J., GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. IRVING, J., NOT PARTICIPATING. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., CHANDLER AND ROBERTS, JJ.
BARNES, J., Concurring in Part, Dissenting in Part.
¶ 14. I respectfully dissent from the majority's determination that the trial court did not err in granting summary judgment to Richard Richardson on Terry Farmer's personal injury claim. I concur with the majority in finding that the chancellor erred in granting summary judgment on the Farmers' claim of damages for destruction of their water line and Terry Farmer's claim of damages for wrongful prosecution by Richardson. However, because I find there to be no basis for the determination that Clyde and Terry Farmer were in privity with each other and, therefore, that Terry Farmer's claim for personal injuries is barred as res judicata by the dismissal of Clyde Farmer's claim, I would reverse the chancellor's grant of summary judgment as it pertained to Terry Farmer's personal injury claim and would remand this entire case for additional proceedings.
¶ 15. The majority concludes that the chancellor was correct in finding that Clyde and Terry Farmer were in privity with each other and, therefore, that the dismissal of Clyde Farmer's personal injury *266 suit against Richardson is res judicata as to Terry's Farmer's personal injury suit against Richardson arising out of the same incident. As the majority notes, "strict identity of parties is not necessary for . . . res judicata . . . to apply, if it can be shown that a nonparty stands in privity with the party in the prior action." Hogan v. Buckingham ex rel. Buckingham, 730 So.2d 15, 18(¶ 11) (Miss.1998). "It must be remembered, however, that Mississippi follows the general rule that parties must be substantially identical for res judicata to apply." Id. (citing Cherry v. Anthony, Gibbs, Sage, 501 So.2d 416, 418 (Miss. 1987)). Thus, "`privity' is . . . a broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified.'" Id. (citing Little v. V & G Welding Supply, Inc., 704 So.2d 1336, 1339 (Miss.1997) (quoting Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1173(¶ 15) (5th Cir.1992))).
¶ 16. In order to determine if Terry and Clyde Farmer are in privity with each other, it is necessary to examine other circumstances in which privity has been found to exist. Privity has been found between a manufacturer of a product and the retailers in the product's chain of sale, Little, 704 So.2d at 1339-40(¶ 18), between a husband and wife when the husband is attempting to recover damages for loss of consortium and the wife has previously unsuccessfully pursued a personal injury claim from which the husband's claim is derived, McCoy v. Colonial Baking Co., 572 So.2d 850, 854 (Miss.1990), and between two corporations when one corporation was a "mere continuation" of the other, Russell, 962 F.2d at 1176.[1] The Mississippi Supreme Court has stated that "`[p]rivity implies a relationship by succession or representation between the party to the second action and the party to the prior action in respect to the right adjudicated in the first action.'" Coleman v. Mississippi Farm Bureau Ins. Co., 708 So.2d 6, 9(¶ 12) (Miss.1998) (quoting Hickman v. Southwest Dairy Suppliers, Inc., 194 Neb. 17, 230 N.W.2d 99, 104 (Neb.1975)).
¶ 17. In the case sub judice, the circumstances that counseled a finding of privity in the above cases simply are not present. Terry Farmer's personal injury claim is not derivative of that of Clyde Farmer, nor can their relationship be described as similar to that of a manufacture and its retailers or a corporation and its successor. Moreover, contrary to the majority's finding, the fact that Terry Farmer's claim concerns injuries sustained in the same altercation that was the subject of Clyde Farmer's does not, in my opinion, indicate that Terry and Clyde were in privity with each other. Terry's personal injury claim asserts damages personal to him, wholly distinct and separate from those suffered by Clyde. In addition, I am aware of no authority supporting the proposition a father and son are in privity with each other merely because of their familial relationship. See Schonberger v. Serchuk, 742 F.Supp. 108, 116 (D.N.Y.1990) ("a father is not automatically in privity to his son").
¶ 18. The chancellor found that the "issue turns not on the extent of any damages alleged by Plaintiffs but on the acts and resulting fault on which the damages are based as having been previously adjudicated." The fault determination to which the chancellor refers is the arbitrator's finding that Richardson was not liable for any injuries to Clyde Farmer resulting from the altercation. However, there is no indication from the record that the arbitrator made any specific findings in ruling in *267 Richardson's favor; rather, all that is contained in the record with regard to the arbitrator's decision is one document stating "I find for the Defendant Richard Richardson." Thus, the most that can be taken from the arbitrator's finding is that Richardson was not at fault for Clyde Farmer's injuries; there is no basis in the record for finding, as the chancellor did, that the arbitrator's decision resolved the issue of fault for Terry Farmer's alleged injuries. The fact that Richardson was deemed not at fault for Clyde Farmer's injuries does not automatically mean that he is not at fault for Terry Farmer's injuries.
¶ 19. The majority concludes that "[i]n this case, the parties, the claim and the defendant are all substantially identical; thus, it was appropriate for the chancellor to dismiss Terry's claim relating to the altercation with Richardson as res judicata." However, I respectfully submit that, because Terry Farmer was not a party to Clyde Farmer's lawsuit nor are the two in privity with each other, the parties are not substantially identical. Therefore, Terry Farmer's claims regarding the altercation with Richardson are not barred by res judicata. Accordingly, I would reverse the chancellor's grant of summary judgment as it pertained to Terry Farmer's personal injury claim against Richardson and would remand this entire case for additional proceedings.
KING, C.J., CHANDLER AND ROBERTS, JJ., JOIN THIS OPINION.
NOTES
[1] The Russell court noted that numerous other federal courts have held that a vicarious liability relationship is sufficient to create privity. 962 F.2d at 1174-75.